## 38126.  GREAT AMERICAN INSURANCE COMPANY OF NEW YORK v. WALTON.

DECIDED APRIL 6, 1960.

*Stephens, Fortson, Bentley & Griffin, Robert G. Stephens, Jr.,* for plaintiff in error.

*Walton Hardin,* contra.

FELTON, Chief Judge.  In support of its general demurrer, the defendant company contends that in order for the policy to be valid the actual interest of Henry Clark Walton in the insured

premises must be made to appear in a writing added to the policy under the following policy provision: "This entire policy shall be void if, whether before or after loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured there. . . No permission affecting this insurance shall exist or waiver of any provision be valid, unless granted herein or expressed in writing added hereto." It should first be observed that the petition does not show that the plaintiff misrepresented his interest in the property in any way, but on the contrary, it alleges that he made a full and actual disclosure of the ownership of the property to the defendant's agent and that prior to issuing the policy said agent had actual notice that the plaintiff had ordered it for the benefit of both himself and his wife.

In *Peoples & Planters Mutual Fire Assn.* v. *Wyatt,* 31 *Ga. App.* 684 (1) (121 S. E. 708) this court held: "Where a fire-insurance policy appears, upon its face, to be issued to a husband in his individual capacity upon property purporting to belong to him, but which in fact belongs to the wife, the policy will, where the insurer, through the agent issuing it, had actual notice from the husband, at the time, that the property insured belonged to the wife, be construed as a valid contract of insurance, covering the property of the wife, issued to the husband as trustee, and the husband can recover therefor for the benefit of the wife."

In *Hite* v. *Liverpool &c. Ins. Co.,* 33 *Ga. App.* 349 (126 S. E. 304) it was held: "Where a fire-insurance policy appears on its face to be issued to one as trustee, upon property purporting to belong to him but which in fact belongs to those for whom he acts as trustee, and where there is a provision in the policy of insurance avoiding it 'if the interest of the insured in the property be not truly stated,' or 'if the subject of insurance be personal property and be or become incumbered by a chattel mortgage,' and where the insurer, through its agent who issued the policy, had at that time actual notice from the trustee that the property insured was not his property, but was the property of those for whom he was acting as trustee, the insurer, because of its knowledge at the time of issuing the policy, is held to have waived the above-quoted provision of the policy."

In the present case the petition alleges full disclosure to the agent of the interest of the plaintiff and his wife prior to the time the policy was issued. It does not allege any facts tending to show a violation of the provision voiding the policy if such interest was wilfully concealed or misrepresented, and consequently the question of waiver is not involved in passing on the general demurrer. Cases cited by the defendant dealing with questions of waiver of conditions of the policy subsequent to its issuance are not in point. *Peoples Bank of Mansfield* v. *Insurance Co. of North America*, 146 *Ga.* 514, 518 (91 S. E. 684, L. R. A. 1917 D 868) and cit. The petition states a cause of action and the court did not err in overruling the defendant's general demurrer.

*Judgment affirmed. Nichols and Bell, JJ., concur.*