## 51649. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. WRIGHT.

QUILLIAN, Judge.
State Farm Mutual Automobile Insurance Company

(State Farm) brought this action for a declaratory judgment against its insured, Penrow, and Wright who alleged that she was injured by Penrow in an automobile accident.

Wright had brought an action against Penrow on October 19, 1972 for $100,000 arising out of an automobile accident on December 16, 1971. Penrow did not file an answer although he was served October 25, 1972. Penrow did not advise State Farm of the auto accident or the lawsuit "until December 21, 1972 or perhaps several days thereafter." Counsel for Wright, on December 12, 1972, wrote a letter to State Farm advising them that their insured, Penrow, was in default, but "in order to avoid any prejudice. . .to State Farm. . .[they were willing] to extend the answer date for a period of thirty days. . .[to] enable your Company to evaluate this matter and file a proper answer."

On December 21, 1972, State Farm's local agent talked to Mr. Penrow and obtained his signature on a form titled, "Request For Claim Service and Non-Waiver of Rights." Essentially this form stated that "it was questionable" whether Mr. Penrow had complied with policy conditions "to immediately forward" to State Farm "every demand, notice of claim, summons, or other process" received by him, and that although State Farm "may have no obligation to defend or indemnify" Mr. Penrow for claims arising out of the accident with Wright they would defend the action on the condition that "[s]uch action shall not waive any right the Company may have to deny any obligation under the policy. . ."

Counsel for Wright stated that he spoke with State Farm's agent Ted Winner on December 27, 1972, and "expressed our willingness to *allow State Farm to open default* . . . in order *to eliminate the possible policy violations* arising from the action *of Mr. Penrow.* Mr. Winner stated he would recommend this procedure to his Company, and *if it was acceptable,* State Farm would have *their attorney get in touch with me and open the default."* (Emphasis supplied.) Counsel for Wright introduced a memorandum of Mr. Winner dated the following day, December 28, 1972, to State Farm in which he stated, "[i]t is my recommendation that we do extend coverage to this

insured, since it is felt that our rights have not been jeopardized by his failing to forward the suit papers on to us. . ."

On January 11, 1973, an "Order Opening Default" was presented to the trial court by counsel for Penrow and consented to by counsel for Wright. The consent order opening default was signed by the judge that same date.

On November 19, 1973, the case of *Wright v. Penrow* was tried in Superior Court of Richmond County and a verdict rendered in favor of Wright for $40,000. On that same date State Farm filed this present action, a complaint for declaratory judgment, against Penrow and Wright alleging that Penrow violated the conditions of the policy of insurance and it was not obligated to pay defendant Wright any amount of compensation or any part of a verdict which might be given in her favor against defendant Penrow.

Wright answered and entered a counterclaim under the policy of insurance of Penrow for the amount of the judgment — up to the policy limits. State Farm and Wright each entered motions for summary judgment. The trial court granted summary judgment for defendant Wright and denied State Farm's motion. Plaintiff brings its appeal to this court. *Held:*

A liability insurer with knowledge of non-compliance by its insured of a condition of the policy which could be a ground of forfeiture of coverage, which assumes and conducts the defense of an action brought against the policyholder, is thereafter estopped in an action upon the policy from asserting such forfeiture or noncoverage. *State Farm Mut. &c. Ins. Co. v. Anderson,* 104 Ga. App. 815 (123 SE2d 191). However, the insurer may avoid the estoppel by informing the insured that, notwithstanding its defense of the action, it disclaims liability and does not waive the defenses available to it against the insured. Id. This was effectively done in this case.

Although this policy has the standard conditions that no action shall lie against the company unless, as a condition precedent, there shall have been full compliance with all terms of the policy and the terms of the policy may not be waived except by policy

indorsement signed by an executive officer of the company, such clauses which prohibit waivers unless indorsed thereon, refer only to the provisions which enter into the contract of insurance and do not affect conditions to be performed after loss such as giving notice. *Norfolk &c. Ins. Co. v. Cumbaa,* 128 Ga. App. 196 (1) (196 SE2d 167); *Corporation of Royal Exchange Assurance v. Franklin,* 158 Ga. 644 (3) (124 SE 172). These conditions may be expressly waived, or waived by conduct inconsistent with an intention to enforce strict compliance with the condition, by which the insured is led to believe the insurer does not intend to require such compliance. *N. Y. Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922, 925 (115 SE2d 474); *Norfolk &c. Ins. Co. v. Cumbaa,* 128 Ga. App. 196, 198, supra.

Where the effect of such contractual provision works as a forfeiture of the policy benefits, and since forfeitures are not favored by law, the court will strictly construe the provision against the insurance company and small circumstances will be sufficient to show a waiver by the company. *Aetna Ins. Co. v. Mosely,* 47 Ga. App. 25, 34 (169 SE 695); *Norfolk &c. Ins. Co. v. Cumbaa,* 128 Ga. App. 196, 198, supra. Counsel for defendant Wright filed an affidavit stating that he "would not have agreed to open default . . . [or] consent to the order opening default if it had not been for [his] understanding with Mr. Ted Winner of State Farm that this procedure would eliminate any prejudice to State Farm and enable State Farm to waive any policy violations arising from Mr. Penrow's failure to promptly notify State Farm or forward the complaint papers filed on behalf of Reba W. Wright."

The affidavit of Mr. Ted Winner was filed for plaintiff in which he stated: "I affirmatively state that I never told Mr. Allgood (Attorney for defendant Wright), or any other member of his law firm, State Farm would waive any policy violations, if he would allow the default to be opened. . ."

As the primary purpose of the summary judgment procedure is to eliminate the necessity for a trial by jury where there is no genuine issue of any material fact, and in the instant case we have conflicting statements as to whether there was a waiver by State Farm as to the

insured's noncompliance with the conditions of the policy in return for consent to open default of its insured Penrow, it was error to grant summary judgment for defendant Wright. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Similarly, it was not error to deny State Farm's motion for summary judgment.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 15, 1976 — DECIDED FEBRUARY 11, 1976 — REHEARING DENIED MARCH 2, 1976.

*Fulcher, Hagler, Harper & Reed, John I. Harper,* for appellant.

*Allgood, Childs, Snelling & Brown, Thomas F. Allgood,* for appellee.