## 62219. BARNUM v. SENTRY INSURANCE.

McMURRAY, Presiding Judge.

In consideration of the judgment granting a partial summary judgment the following facts must be accepted as true:

For a number of years prior to August 4, 1976, Sentry Insurance, A Mutual Company, had insured the premises at 215 Ashby Street, being a residence adjacent to Barnum Funeral Home, both located in Americus, Georgia. On August 4, 1976, William A. Hopkins, then the authorized agent for Sentry Insurance, operating in Americus, and at the direction of John L. Barnum, Jr., whom he had known, as well as his family, obtained the application of John L. Barnum, Jr. for fire insurance on the premises. Mr. Barnum, Jr. merely requested that the premises be insured and did not specify the type of insurance. At that time the agent was aware that Barnum was acting on behalf of members of his family who had an interest in the premises and that he did not personally reside at the premises, but that his son, John L. Barnum III, his son's wife, Ann, and their children resided there. Hopkins prepared an application for homeowner's insurance on the premises utilized as a residence. The agent was also aware that at that time Barnum's daughter-in-law (Ann) conducted a flower business on the premises adjacent to the funeral home. After the policy was issued a representative of Sentry Insurance periodically visited the premises, and it was never concealed that Mr. Barnum, Jr. did not personally reside there. Sentry Insurance thus continued to insure the premises and its contents against fire loss with full knowledge that the facts of the occupancy did not fully conform to the recitations in the printed application.

The application, as prepared by the agent and signed by Barnum, was for a homeowner's policy and, among other things, listed a first mortgagee and that "no business pursuits are conducted on the described premises" and the described premises are the only premises where the named insured or spouse maintains a residence. The application was also signed by the insurance agent as salesman.

A binder, and following that, a homeowner's type insurance policy was issued for a term of three years from August 7, 1976, to August 7, 1979. "Barnum, John Jr." was listed as the named insured in the policy.

During the term of the policy and on April 8, 1978, the covered premises were damaged by fire, and the loss was reported to the insurer. Proof of loss was then made by Mr. Barnum, Jr., but because of the question of ownership of the contents he was requested, by letter dated September 25, 1978, to give further information as to the ownership of the various items "whether it is owned by you, your son, your son's wife, any others living in the household."

Thereafter, the insurance company contended that the application contained material misrepresentations of fact and any insurance policy issued to Barnum by it was void from its inception due to the material misrepresentations of fact contained in the application. It refused to pay for the damage, attempted to return the premiums to Barnum, contending Barnum had concealed the true facts as to the occupancy, title and interest and changes regarding the premises involved and that he had failed to file a requested proof of loss until some 11 months after the fire.

Whereupon, John L. Barnum, Jr. sued Sentry Insurance in the Superior Court of Sumter County setting forth, in substance, the above facts, the amount of the fire loss both to the dwelling and personal property, alleging that despite the claim having been made therefor the defendant had failed and refused to pay such claim under the terms of the policy, contending that he had performed all conditions required of him under the policy and attaching a copy of the policy to his petition. By amendment plaintiff added that he was acting as owner of the insured policy "on behalf of himself and members of his family," had thereafter acquired the technical ownership interest of his son and "since November 21, 1979, has been sole owner of the premises in law as well as in fact."

The defendant answered, setting forth numerous defenses such as lack of jurisdiction over the person of the defendant due to venue being improperly laid in Sumter County, the failure to state a claim, the real and personal property loss claimed does not qualify for coverage, the total failure of consideration, fraud in seeking coverage on the real and personal property and in the procurement of the insurance contract, the failure to comply with conditions precedent and the failure to file proper proof of loss, admitting service upon its resident agent in Fulton County, and the issuance of the insurance policy; but contending the contract did not cover the real and personal property loss complained of here. It also admitted the loss by fire, but otherwise denied the claim.

After discovery the defendant moved for summary judgment based upon the claimed material misrepresentations of fact contained in the application, hence the insurance policy as issued was void from its inception due to such material misrepresentations of fact, contending that Barnum concealed the true facts as to occupancy, title and interest and changes regarding the premises involved and the failure to file proof of loss until March 8, 1979. The defendant's basis is that no business pursuits would be conducted on the described premises, it was the only premises maintained as a residence by the named insured or his spouse, yet the true facts as disclosed by admissions by the plaintiff was that he had never resided on the premises, he had only one-third ownership in the premises which were occupied by his son's family, and his daughter-in-law operated a florist business in the dwelling. Further, plaintiff had been requested on September 15, 1978, to file a proof of loss, and it was not filed until March 8, 1979, and even in the proof of loss filed, plaintiff misstated the true facts of the occupancy, title and interest, contending it was a dwelling and not a business, that he was the owner of the property described in the proof of loss and there had been no change in assignment, interest, use, occupancy, possession, location or exposure of the property described; contending that if it had known the true facts, the defendant would not have written any homeowner's coverage at all for the plaintiff due to underwriting restrictions. While the plaintiff had admitted that he only owned a one-third undivided interest, later by interrogatory he claimed that the residence was constructed "on behalf of himself" and his two sisters, but that he now owns more than one-third interest, one of the sisters now being deceased.

The plaintiff opposed the motion by attaching the affidavit of the local agent of the defendant, who had prepared the application and obtained the issuance of the policy, the facts of which are shown above. The affidavit of Ann Barnum as to her occupancy and residence with her children in the dwelling when the fire occurred and that she did operate a florist business for at least five years prior to the fire and the value of her personal property which was lost in the fire is also in the record. The plaintiff by affidavit deposed many of the above facts with reference to the application for the insurance through the agent and notification to the defendant, contending defendant authorized an adjuster to contact him regarding the loss. The adjuster inspected the damage and procured a firm to sandblast the exterior brick and authorized the discarding of certain badly damaged personal property "stating that there was no further need to retain those items." Plaintiff also deposed that the first demand that the defendant made for the filing of a proof of loss was a letter dated

January 11, 1979, and that proof of loss was then filed within 60 days of January 11, 1979. Plaintiff further deposed that he was unable to fully complete the proof of loss because he had discarded the items of personal property pursuant to the authorization of the adjuster, and he had refused to accept a refund of premiums check received but had returned it to the defendant; the defendant was well aware that plaintiff was making the payment of premiums which were made in reliance on the assurance by defendant and its agents that the premises were covered for the losses sustained by the fire; and that if prior to that time defendant had told him that insurance was not available because of the occupancy, ownership of or use of the premises, then he would have made other arrangements for insurance. A copy of a letter dated January 11, 1979, was attached to this affidavit from the claims supervisor of the defendant, stating that the defendant had done everything possible to reach an equitable conclusion as to the losses in accordance with the provisions of the policy and as they were at a stalemate in regard to settlement negotiations, a proof of loss was enclosed "for your use in complying with policy conditions" but this was not to be construed as a waiver of its rights under the policy. Another letter, copy attached dated January 19, 1979, required that the completed proof of loss be furnished prior to the defendant giving further consideration to the claim.

After consideration of argument and citation of authority and examination of the record the trial court granted partial summary judgment to the defendant on all issues save that of the ownership and interest of the plaintiff "in the real property involved, which the court finds to be a one-third (1/3) undivided interest." It denied summary judgment as to the ownership interest of the plaintiff. Plaintiff appeals. *Held:*

1. Residence and domicile are not synonymous and convertible terms, hence "[a] man may have several residences, but only one place of domicile." *Avery v. Bower,* 170 Ga. 202, 204 (1) (152 SE 239). See also *State Farm Mut. Auto. Ins. Co. v. Gazaway,* 152 Ga. App. 716, 719 (263 SE2d 693). However, here the plaintiff does not contend this was his residence even though members of his family resided and occupied the dwelling.

2. Any provisions of a policy of insurance, made for the insurer's benefit, may be waived either expressly or impliedly by the company's actions. *Rogers v. American Nat. Ins. Co.,* 145 Ga. 570 (1), 574 (89 SE 700); *Jones v. Pacific Mut. Life Ins. Co.,* 57 Ga. App. 16, 23 (194 SE 249); *Jefferson Standard Life Ins. Co. v. Nelson,* 83 Ga. App. 667, 673 (1) (64 SE2d 373); *American Home Mut. Life Ins. Co. v. Harvey,* 99 Ga. App. 582, 583 (1) (109 SE2d 322).

3. Generally, our appellate courts have held that where a policy of insurance is issued where the agent has full and actual disclosure of the ownership of the property, the insurer waives its rights under the policy and is estopped to claim an avoidance of responsibility under the contract as written because of non-compliance with the conditions as to ownership which preclude coverage under the terms of the contract. See *Blackstock v. Jefferson Ins. Agency,* 23 Ga. App. 642, 643 (99 SE 142); *Brown v. Globe &c. Fire Ins. Co.,* 161 Ga. 849 (1), 852 (133 SE 260); *Mechanics &c. Ins. Co. v. Mut. Real Estate &c. Assn.,* 98 Ga. 262 (1), 266 (25 SE 457); *Great American Ins. Co. v. Walton,* 101 Ga. App. 475, 476 (114 SE2d 281); *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (2), 585-586 (174 SE2d 591); *Wilson Marine Sales &c., Inc. v. Fireman's Fund Ins. Co.,* 133 Ga. App. 220, 223 (3) (211 SE2d 145). See also *Christian v. Allstate Ins. Co.,* 239 Ga. 850, 852-853 (239 SE2d 328).

It is clear from the decision of the trial court in granting only partial summary judgment that issues of fact remained in the case. However, we believe that these issues, under the facts shown above and the law, go to the entire interest of all concerned, and the trial court erred in granting partial summary judgment. The conflicting evidence as to waiver of such provisions of the policy, as to proof of loss requirements, and knowledge of actual ownership of the property insured creates issues of fact for determination other than by a summary adjudication.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED OCTOBER 29, 1981.

*Michael A. Fennessy,* for appellant.
*Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellee.