## 66416. GREAT SOUTHWEST FIRE INSURANCE COMPANY v. SPRINKLER CONTRACTORS, INC.

DEEN, Presiding Judge.

Appellee Sprinkler Contractors, Inc. contracted to build a pump house in connection with the installation of a sprinkler system for a Georgia Pacific sawmill facility at Ellabelle, Georgia. Pursuant to this contract Sprinkler procured liability insurance with appellant Great Southwest Fire Insurance Co. covering its acts during construction. The pump house collapsed, primarily because of Sprinkler's negligent installation of the sprinkler system piping. After repeated refusals by Great Southwest to settle the claims against Sprinkler and due to business pressure exerted by Georgia-Pacific, Sprinkler rebuilt the pump house at its own expense. When Great Southwest denied coverage upon its application for reimbursement, Sprinkler filed suit for breach of the insurance contract, and by later amendment, for negligent failure to settle Georgia-Pacific's claim. Great Southwest filed a motion for summary judgment based upon provisions in the contract that "The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expenses other than first aid at the time of the accident"; and that "No action shall lie against the [insurance] company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the company." Interlocutory appeal was granted from the denial of Great Southwest's motion for summary judgment.

Appellant contends that since the conditions imposed by the contract of insurance were not complied with by Sprinkler, and Great Southwest did not waive them, there was no genuine issue of material fact and it was entitled to judgment as a matter of law. Appellee argues that a fact question as to waiver was created by the affidavit of the local insurance agent, James D. Pate. Pate swore that Sprinkler promptly and timely reported the claim made against it by Georgia-Pacific for the collapse of the pump house, and that he reported the claim to Great Southwest; that he had on several

occasions discussed the status of this claim with representatives of Great Southwest; that he personally informed Tom Cobb, claims manager for Great Southwest, that Sprinkler was being "greatly pressured" by Georgia-Pacific to restore the pump house and that Great Southwest was "severely jeopardizing" Sprinkler's business relationship with Georgia-Pacific, a major client; that he personally informed Cobb that Sprinkler "was being forced" by Georgia-Pacific to rebuild the pump house and was informed by Cobb "that such action would not affect the position of Great Southwest . . . on this claim"; that based on his knowledge of the facts of this case it was necessary for Sprinkler to rebuild the pump house prior to receiving any settlement from Great Southwest "in order to protect and honor its contract with Georgia-Pacific . . ." Pate further stated that in his opinion Great Southwest had effectively denied the claim by not promptly rebuilding the pump house or providing funds therefor, and did not "act or conduct itself within the acceptable range of conduct established in the insurance industry in its handling of this claim."

"Any provisions of a policy of insurance, made for the insurer's benefit, may be waived either expressly or impliedly by the company's actions. [Cits.]" *Barnum v. Sentry Ins.,* 160 Ga. App. 213, 216 (2) (286 SE2d 445) (1981); *State Farm Fire & Cas. Co. v. Mills Plumbing Co.,* 152 Ga. App. 531 (1) (263 SE2d 270) (1979). "Although this policy has the standard conditions that no action shall lie against the company unless, as a condition precedent, there shall have been full compliance with all terms of the policy and the terms of the policy may not be waived except by policy indorsement signed by an executive officer of the company, such clauses which prohibit waivers unless indorsed thereon, refer only to the provisions which enter into the contract of insurance and do not affect conditions to be performed after loss . . . [Cits.] These conditions may be expressly waived, or waived by conduct inconsistent with an intention to enforce strict compliance with the condition, by which the insured is led to believe the insurer does not intend to require such strict compliance. [Cits.]" *State Farm Mut Auto. Ins. Co. v. Wright,* 137 Ga. App. 819, 821 (224 SE2d 796) (1976).

In the instant case there are conflicting statements as to whether there was a waiver by Great Southwest as to Sprinkler's repair of the pump house prior to settlement of the claim. In addition there are "issues of fact pertaining to reasons for [Great Southwest's] declination of coverage and damages, based upon its erroneous conclusions, for further trial by jury" which were properly raised by Sprinkler's allegation of negligent failure to settle the claim prior to a judgment against it. *Davis v. Cincinnati Ins. Co.,* 160 Ga. App. 813,

816 (4) (288 SE2d 233) (1982). Since the primary purpose of the summary judgment procedure is to eliminate the necessity for jury determination where there are no genuine issues of material fact, the trial court correctly refused to grant appellant's motion for summary judgment. *State Farm Mut. Auto. Ins. Co. v. Wright,* 137 Ga. App. 819, 822, supra. See also *State Farm Mut. Auto. Ins. Co. v. Penrow,* 142 Ga. App. 463 (4) (236 SE2d 275) (1977).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 6, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983 —

*Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellant.
*Miller P. Robinson, Allen Levi,* for appellee.