67458. TEAL et al. v. PARRISH et al.

BANKE, Judge.

This appeal follows a jury verdict for the defendant physician and hospital in an action to recover for the alleged wrongful death of the plaintiffs' newly born son. The sole enumeration of error concerns the trial court's refusal to admit in evidence three photographs of the infant taken as he lay in a casket.

Three other photographs of the infant, which had been taken at the hospital after his death, were admitted into evidence. Although not evident from the copies in the record before us, the plaintiffs assert that the excluded photographs reveal red marks and indentations on the baby's head which are not apparent in the other photographs. The excluded photographs were initially offered by the plaintiffs to show damages but were later offered as evidence that the negligent use of forceps had contributed to the baby's death. *Held:*

Any conceivable error in the initial rejection of the photographs on the issue of damages is rendered harmless by the jury's verdict in favor of the defendants on the question of liability. See *Steed v. Steel Prods. Mfg. Co.,* 152 Ga. App. 350 (3) (262 SE2d 616) (1979). Moreover, the photographs were not admissible as evidence that the infant's death was caused by negligence on the defendants' part. All of the experts who testified, including those called by the plaintiffs, attributed the cause of the infant's death to umbilical cord compression during delivery. There was no testimony that the use of forceps was a factor. "[T]he admission or exclusion of photographs is a matter of discretion for the trial court to exercise and unless manifestly abused will not be controlled by this court." *Belluso v.*

*Sunnyland Foods,* 142 Ga. App. 7 (1) (234 SE2d 821) (1977). We find no abuse of discretion in this case.

*Judgment affirmed. Deen, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED DECEMBER 5, 1983.

*Anne E. Meroney,* for appellants.
*David H. Tisinger, Thomas E. Greer,* for appellees.