68172. TEAL et al. v. PARRISH et al.

BANKE, Presiding Judge.

The plaintiffs appeal the denial of their extraordinary motion for new trial, which was based on newly discovered evidence. In a previous appeal, we affirmed a judgment entered upon a jury verdict for the defendants. See *Teal v. Parrish*, 169 Ga. App. 217 (311 SE2d 863) (1983). The suit seeks recovery for alleged malpractice by certain health care personnel, resulting in the death of the plaintiffs' infant son shortly after his birth in October of 1979.

The newly discovered evidence is the testimony of a respiratory therapist who had been present shortly after the child's birth and had treated the child. The trial court denied the motion on the ground that the plaintiffs had not exercised diligence in acquiring the evidence and on the ground that the evidence was at most impeaching and would not have resulted in a different verdict. *Held*:

A party who seeks a new trial based on newly discovered evidence must satisfy the court that the evidence has come to his knowledge since the trial; that his failure to acquire it sooner was not due to a lack of diligence on his part; that it is not merely cumulative or impeaching; and that it is so material that it would probably produce a different verdict. The party must also provide the affidavit of the witness or account for its absence. *Bell v. State*, 227 Ga. 800, 805 (183 SE2d 357) (1971); *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980).

The trial court did not abuse its discretion in concluding that the plaintiffs in this case had failed to exercise due diligence in locating the newly discovered witness. The plaintiffs concede that they became aware in September of 1982, approximately three months prior to trial of the case, that a respiratory therapist had been present in the delivery room. In an affidavit filed in connection with the extraordinary motion for new trial, the hospital administrator stated that had he been requested to do so, he would have furnished the names and

addresses of all respiratory therapists employed by the hospital. The record before us is totally lacking as to why the plaintiffs failed to take any action to determine the name and whereabouts of this witness between the time they learned of his existence in September 1982 and the time of trial in December of that year.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 25, 1984.

*Anne E. Meroney,* for appellants.
*David S. Tisinger, Thomas E. Greer,* for appellees.