## 69469. McGINNIS v. SUNBELT WESTERN STEERS, INC.
### (326 SE2d 3)

Pope, Judge.

This appeal is taken from a grant of summary judgment to appellee Sunbelt Western Steers, Inc. On February 11, 1983 appellant J. Harold McGinnis and his family went to appellee's restaurant, Western Steer Family Steakhouse in Riverdale, to celebrate his wife's birthday. The restaurant was quite crowded. After placing the family's order, McGinnis took the tray containing the family's drink glasses and, at the direction of the restaurant's hostess, followed her toward a table in the back dining room. As the party passed the service window area, the hostess saw a spot on the floor; as she passed it, she turned to warn McGinnis. As he heard the warning, McGinnis was stepping directly into the spot. He slipped but did not fall, allegedly injuring his back.

The record shows that the spot upon which McGinnis slipped was butter which had spilled from a plate of sauteed mushrooms. The restaurant manager witnessed the spill, told the waitress to go on to her table, and went to get a mop to clean up the spill. His estimate of the time he was gone to get the mop ranges from five to six seconds to sixty seconds. He did not post anyone to warn others of the spill while he was gone. *Held*:

This case differs from the usual slip-and-fall case in that there is no dispute about the presence of a foreign substance on the floor of the premises, its character or about the restaurant's knowledge of the substance upon the floor. The manager of the restaurant testified that he watched the spill occur. He testified unequivocally that the substance spilled was butter from a plate of sauteed mushrooms. The cases relied upon by the restaurant, *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980); *Dillon v. Grand Union Co.*, 167 Ga. App. 381 (1) (306 SE2d 670) (1983); and *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342 (4) (226 SE2d 142) (1976), all involve constructive notice of the foreign substance to the proprietor. Thus, they are not completely apposite to the situation in the present case. Here, the restaurant had actual notice of a spill caused by one of its own agents and witnessed by the manager of the premises. "As to hazards, ordinarily the owner is allowed a reasonable time to exercise care in inspecting and keeping the premises in a safe condition; but where defendant or its agents are in the immediate vicinity or area of the dangerous condition . . . and could easily have remedied it, no specific length of time will excuse the failure to exercise ordinary care after knowledge of the defect. [Cits.]" *Burger Barn, Inc. v. Young*, 131 Ga. App. 828, 829 (207 SE2d 234) (1974). "Questions of negligence, contributory negligence, cause and proximate cause, and whose negligence or what negligence constitutes the proximate cause of the

injury are solely for the jury, except in plain, palpable and indisputable cases. [Cits.]" Id.

The manager testified in his deposition that putting sauteed mushrooms onto a saucer instead of a bowl was done by an "amateur" and should never have been done. In her deposition, the hostess said of the area around the service window, "There's always something, somebody spilling something, but we usually get it, always get it cleaned up or warn the people." It is now an axiom that the evidence on motion for summary judgment is to be construed most favorably toward the respondent and against the movant. Therefore, we find that there remains a genuine issue of fact regarding the actions of the restaurant employees in reacting to the spill. It is the province of a jury to determine whether those actions were reasonable or whether other actions — for example, having the waitress who caused the spill immediately clean it up, or having the manager stand watch to warn those who might approach while someone else got the mop to clean up — were necessary.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 11, 1985.

*Douglas T. Noonan,* for appellant.
*E. Speer Mabry III, Jan Cohen,* for appellee.