70500. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. BURTON et al.
(337 SE2d 455)

POPE, Judge.

Appellees Harvey E. Burton and Sarah Frances Burton sued appellant Georgia Farm Bureau Mutual Insurance Company (Georgia Farm) for proceeds of a policy of homeowners' insurance. Appellees were divorced March 22, 1981. In the divorce decree Mrs. Burton was granted fee simple ownership of the family home. The property was subject to a security deed in favor of First Federal Savings and Loan Association of Calhoun. The divorce decree was never recorded. Mr. Burton took up residence adjacent to his former marital home. In August 1982 Mrs. Burton asked Mr. Burton to obtain new homeowner's insurance on the former marital property. She testified that in exchange for Mr. Burton obtaining and paying for the insurance on the house, making the house payment, and paying the property taxes, he would again have a one-half interest in the house. This agreement was not written or recorded.

On September 1, 1982 Mr. Burton went to the office of Randy Holbert, an agent for Georgia Farm. There, Mr. Burton arranged to have the property insured. Mr. Burton testified that Mr. Holbert

asked him how the property was titled, and Mr. Burton replied that it was in his name and his wife's, with the mortgage held by First Federal. Mr. Burton further testified that when Mr. Holbert asked him if he would be there when Mr. Holbert went to the house to inspect it, he told Mr. Holbert no, that he lived with his daddy. Mr. Holbert denied being told this, and testified he simply assumed that the Burtons were still married. Holbert wrote the policy with Mr. Burton as the only named insured; however, he noted on the application that the property was titled in the name of both Mr. and Mrs. Burton. On March 13, 1983 when the policy was in effect, the house burned and was a total loss. Mr. Burton filled out a proof-of-loss form in which he listed himself as owner of the property. During the investigation of the fire, agents for Georgia Farm learned that the Burtons were divorced, and that Mr. Burton did not live in the house insured by the policy. Georgia Farm agents obtained a copy of the divorce decree and took statements from both of the Burtons. Nonetheless, in August 1983, after learning all of this, Georgia Farm sent Mr. Burton an offer to renew the insurance on the property. At the conclusion of its investigation, Georgia Farm notified Mr. Burton that it would deny the claim beyond payment of the mortgage balance. Georgia Farm took the position that Mr. Burton had no insurable interest beyond the mortgage, and that Mrs. Burton was a stranger to the contract. After trial the jury rendered a verdict in favor of the Burtons in the amount of $55,000 each. We note that the parties stipulated that the amount of the verdict would be reduced by the amount Georgia Farm had paid on the mortgage.

1. Georgia Farm first argues the general grounds. The contention is that under the insurance contract, it was not liable for an amount greater than the insured's interest in the property, and that Mr. Burton had no interest in the property beyond satisfaction of the outstanding amount of the mortgage. Georgia Farm further contends that it is not liable to Mrs. Burton because she is a stranger to the contract. The Burtons proceeded on the theories that Mr. Burton was Mrs. Burton's agent in procuring the insurance, that Mr. Burton retained his one-half interest in the property in spite of the divorce decree by virtue of the decree never having been recorded and the alleged agreement between the Burtons, that Georgia Farm had actual knowledge of Mrs. Burton's interest in the property at the time application was made yet put the policy solely in Mr. Burton's name, and that after the loss and after learning of the fact of the divorce decree, Georgia Farm offered to renew the policy, thereby waiving any conditions related to insurable interest founded upon actual ownership.

"Any provisions of a policy of insurance, made for the insurer's benefit, may be waived either expressly or impliedly by the company's actions. [Cits.]" *Barnum v. Sentry Ins.*, 160 Ga. App. 213, 216 (286

SE2d 445) (1981). "Generally, our appellate courts have held that where a policy of insurance is issued where the agent has full and actual disclosure of the ownership of the property, the insurer waives its rights under the policy and is estopped to claim an avoidance of responsibility under the contract as written because of noncompliance with the conditions as to ownership which preclude coverage under the terms of the contract. [Cits.]" Id. at 217. " ' "A forfeiture occurs, if it results at all, immediately upon a breach of the condition of the contract on which it is based; and, forfeitures not being favored in law, a waiver of the forfeiture, once made, cannot be recalled. The demand for payment in full of a future premium subsequently to the breach of a condition which would have entitled the insurer to insist upon a forfeiture of the contract will be held to be a waiver of the forfeiture, and be treated as an acknowledgement that the delinquent policy-holder is still entitled to the benefits conferred by his contract." [Cits.]' " *State Farm Fire &c. Co. v. Jenkins*, 167 Ga. App. 4, 6 (305 SE2d 801) (1983). We find that the Burtons produced sufficient evidence to authorize the jury to find in their favor on the theories of waiver and estoppel. Nor are we of the opinion that this in any way extended the coverage offered under the policy. See generally *Sargent v. Allstate Ins. Co.*, 165 Ga. App. 863 (1) (303 SE2d 43) (1983).

2. Appellant Georgia Farm enumerates nine errors in the court's charge to the jury, two dealing with failures to give requested charges, and seven dealing with the court's charging appellees' requests to charge. We have reviewed the charge as given, as well as the requests to charge. "The charge as a whole was correct, and the court did correctly charge the jury on the duties and legal relationships of the parties in this case governing the issues raised. In order for a refusal to charge to be error, the written requests therefor must be entirely correct and accurate, and must be adjusted to the pleadings, the law, and the evidence in the case. The charge as given by the trial court was complete and sufficient to guide the jury in the decision of the factual issues submitted by the evidence presented at trial and encompassed the issues covered by appellant's requested charges which were not given. So long as the trial court submits to the jury proper charges from the issues presented by the evidence the trial court is not required to do so in specific language requested by the parties." (Citations and punctuation omitted.) *Columbus, Ga. v. Smith*, 170 Ga. App. 276, 282 (316 SE2d 761) (1984). We find no reason for reversal in regard to the court's charge.

3. We find no merit in appellant's remaining enumerations of error.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 5, 1985.

*William E. Cetti*, for appellant.
*C. Gregory Culverhouse*, for appellees.