### 74487. BRITT v. INDEPENDENT FIRE INSURANCE COMPANY.
(361 SE2d 226)

McMURRAY, Presiding Judge.

On October 9, 1985, the house of Nellie Britt was damaged extensively by a fire. The house was covered by a policy of fire insurance which was issued by Independent Fire Insurance Company. In pertinent part, the policy provided: "In case of a loss to covered property, you must see that the following are done: . . . f. send to us within 60 days after our request, your signed, sworn proof of loss. . . ." The policy also provided: "Payment for loss will be made within 60 days after we receive your proof of loss. . . ."

Mrs. Britt notified the insurance company of the loss and she was paid $500 by the insurance company. This sum represented a portion of the personal property loss coverage provided by the policy. Mrs. Britt "repeatedly requested all of the forms necessary to file [her] claim with the insurance company." Thereafter, Mrs. Britt received an inventory sheet which she filled out and submitted to the insurance company on November 9, 1985. She was not given a proof of loss form at that time.

Mrs. Britt subsequently retained counsel. On February 7, 1986, at the taking of her sworn statement, Mrs. Britt was given a proof of loss form by the insurance company's attorney. Mrs. Britt was requested to complete the form and return it to the insurance company as soon as practicable. Mrs. Britt completed the proof of loss form and forwarded it to the insurance company by February 19, 1986. Thereafter, on March 28, 1986, Mrs. Britt received two checks from the insurance company. One check, in the amount of $40,000, represented the full insured value of Mrs. Britt's residence. The other check, in the amount of $15,500, represented the balance of the insured value of Mrs. Britt's personal property.

In the meantime, on March 6, 1986, Mrs. Britt brought suit against the insurance company seeking the enforcement of the terms of the insurance policy, a penalty and attorney fees for bad faith refusal to pay (under OCGA § 33-4-6), and exemplary damages. The

insurance company answered the complaint, alleging that it fulfilled its obligations under the contract of insurance and that it acted reasonably at all times.

Following discovery, the insurance company moved for partial summary judgment with regard to the bad faith, attorney fees and exemplary damages issues. Mrs. Britt amended her complaint by adding allegations of fraud. A hearing was held upon the motion for partial summary judgment and it was denied. In its order denying the motion, the trial court held: "the record . . . is unclear as to whether the statutory demand was made, and if made whether the demand was made more than 60 days prior to the filing of the suit. Resolving all doubts in favor of the non-movant, defendant has failed to meet its burden and is not entitled to judgment as a matter of law."

Thereafter, the insurance company again moved for partial summary judgment. The affidavit of B. Cariel Russell, a claim examiner for the insurance company, was filed in support of the motion. Russell deposed that Mrs. Britt never requested, either orally or in writing, a proof of loss form; that "no demand was made upon Independent Fire Insurance Company or any agent thereof by Nellie Britt or anyone acting in her behalf, either contemporaneously with the filing of her sworn proof of loss or at any time thereafter up through and including the date that the within action was filed"; that the insurance company never denied coverage or refused to pay the claim of Mrs. Britt; that the investigation of the case continued until the taking of the sworn statement of Mrs. Britt on February 7, 1986; and that on March 26, 1986, after reviewing the sworn statement of Mrs. Britt, and before receiving notice of Mrs. Britt's lawsuit, a decision was made to pay Mrs. Britt's loss.

After a hearing, the trial court granted the insurance company's second motion for partial summary judgment. It held that Mrs. Britt could not have made a demand for payment more than 60 days before filing suit because the proof of loss form was not submitted more than 60 days before suit was filed. Thus, the trial court ruled that Mrs. Britt could not recover a penalty and attorney fees under OCGA § 33-4-6. Mrs. Britt appeals from the trial court's ruling. *Held*:

1. "The burden is upon the moving party to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant." *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442).

2. In order to carry the burden with regard to its partial summary judgment motion, it was incumbent upon the insurance company to demonstrate that plaintiff did not make a demand for payment of the loss more than 60 days before filing suit. OCGA § 33-4-6; *Hanover Ins. v. Hallford*, 127 Ga. App. 322, 323 (193 SE2d 235). Via

the affidavit of its claim examiner, the insurance company demonstrated that plaintiff did not make a demand for payment contemporaneously with, or after, the submission of the proof of loss. It is unclear, however, whether plaintiff made a demand for payment *before* the proof of loss was submitted.

The insurance company does not contend that no demand was made by plaintiff before the proof of loss was submitted on February 19, 1986. Rather, it asserts that it need not show the lack of a demand prior to the submission of the proof of loss. In this regard, the insurance company argues that pursuant to the policy plaintiff was not in a position to make a demand before submitting the proof of loss. See in this connection *Dixie Constr. Prods. v. WMH, Inc.*, 179 Ga. App. 658 (1) (347 SE2d 303). This argument is meritorious so long as the insurance company did not waive the proof of loss filing. See generally *Buffalo Ins. Co. v. Star Photo &c. Co.*, 120 Ga. App. 697 (172 SE2d 159).

OCGA § 33-24-39 provides: "An insurer shall furnish, upon written request of any person claiming to have a loss under an insurance contract issued by the insurer, forms for proof of loss for completion by the person, but the insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of the proof or the manner of any completion or attempted completion. Failure or refusal to furnish the form upon written request or written notice of a loss shall constitute waiver of the right of the insurer to require proof of loss."

Plaintiff submitted a completed inventory sheet to the insurance company on November 9, 1985. The inventory sheet amounted to the written notice of a loss specified in OCGA § 33-24-39. *Cotton States Mut. Ins. Co. v. Clark*, 114 Ga. App. 439, 445 (6) (151 SE2d 780). See also *Georgia Mut. Ins. Co. v. Morgan*, 115 Ga. App. 520 (154 SE2d 720). Did the insurance company fail or refuse to furnish the proof of loss form upon receiving written notice of the loss? The contention is made that the insurance company did not fail or refuse to furnish the proof of loss form since it eventually was given to plaintiff at the taking of her sworn statement on February 7, 1986. This contention misses the point of OCGA § 33-24-39. The Code section requires an insurer to furnish a form for proof of loss *upon written notice of a loss*. In the case sub judice, the insurer did not provide plaintiff with a proof of loss form upon written notice of the loss. Rather, it waited nearly three months before it gave plaintiff the requisite form. Under these circumstances we think that, at the very least, a jury question is presented as to whether the insurance company waived the proof of loss requirement by failing or refusing to provide the proof of loss form upon written notice of a loss. See *Great Southwest Fire Ins. Co. v. Sprinkler Contractors*, 168 Ga. App. 104, 105 (308 SE2d 204). See

also *Grange Mut. Cas. Co. v. Hall*, 173 Ga. App. 382, 384 (326 SE2d 497).

Whether a demand is sufficient to invoke the penalty provision of OCGA § 33-4-6 depends on whether it was made at a time when immediate payment could be exacted; whether immediate payment could be exacted depends on whether the filing of a proof of loss form has been waived under OCGA § 33-24-39. See *Buffalo Ins. Co. v. Star Photo &c. Co.*, 120 Ga. App. 697, 704, supra. Inasmuch as a question of fact remains concerning the waiver vel non of the filing of a proof of loss, it cannot be said that the insurance company was entitled to partial summary judgment as a matter of law. It follows that the trial court erred in granting the insurance company's motion for partial summary judgment.

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED SEPTEMBER 15, 1987.

*Charles R. Ashman, James B. Ashby*, for appellant.
*C. Van Reynolds*, for appellee.