## 77472. KROGER COMPANY v. GREEN.
(378 SE2d 905)

POPE, Judge.

Trial below resulted in a verdict for appellee Green in the amount of $22,000 in this slip-and-fall case. Appellant Kroger enumerates seven errors.

1. Kroger argues that the trial court erred in denying its motion for directed verdict, its motion for judgment notwithstanding the verdict, and its motion for new trial. "On appeal, the evidence must be construed to uphold the jury's verdict, and the sole question for determination is whether there is any evidence to authorize the verdict." (Citations and punctuation omitted.) *Campbell v. Forsyth*, 187 Ga. App. 352, 353 (370 SE2d 207) (1988).

Taken in the light most favorable to the verdict, the evidence shows that appellee was shopping in appellant's store. The seafood manager saw a customer drop a container of milk that left a spill in one of the aisles. The manager advised the customer that he would take care of it. He then got on the intercom and called for someone to clean it up. The manager testified that he also warned customers in the area about the spill in a loud voice. He testified that he saw appellee while he was shouting the warning. Appellee testified that she heard something about a problem through an announcement, but did not know specifically what or where it was. The seafood manager went back to his counter and saw several people walk through the spill. Appellee testified that she was looking up at the directional signs over the aisles to find the location of the cereal when she slipped and fell in the milk spill.

"This case differs from the usual slip-and-fall case in that there is no dispute about the presence of a foreign substance on the floor of the premises, its character or about the [store's] knowledge of the substance upon the floor. . . . As to hazards, ordinarily the owner is allowed a reasonable time to exercise care in inspecting and keeping the premises in a safe condition; but where defendant or its agents are in the immediate vicinity or area of the dangerous condition . . . and could easily have remedied it, no specific length of time will excuse the failure to exercise ordinary care after knowledge of the defect. Questions of negligence, contributory negligence, cause and proximate cause, and whose negligence or what negligence constitutes the proximate cause of the injury are solely for the jury. . . .'." (Citation and punctuation omitted.) *McGinnis v. Sunbelt Western Steers*, 173 Ga. App. 270 (326 SE2d 3) (1985). In *McGinnis*, this court reversed a grant of summary judgment to the proprietor in a situation in which a manager watched a waitress spill some mushrooms sauteed in butter. He sent the waitress on, and went to get a mop to clean it up. In the short time he was gone, McGinnis slipped on the spill and was in-

jured.

The present case is sufficiently similar in facts to *McGinnis*, supra, to be controlled by it. We find that the evidence was adequate to support the verdict.

2. Appellant argues that the trial court erred in not allowing into evidence photographs of a re-creation of the milk spill. Appellant's position is that the photographs show the visibility of milk against the background of the floor. The trial court heard extensive testimony and argument about the changes in the scene from the time of the accident and appellant's efforts to re-create the scene as closely as it could. This court will reverse a trial court's ruling on the admissibility of photographs only upon a showing of abuse of discretion by the trial court. *Teal v. Parrish*, 169 Ga. App. 217 (311 SE2d 863) (1983). We find no such abuse here.

3. In enumerations 5 and 6, appellant complains of two charges. In the first instance, appellant complains of language to the effect that store owners should know that shoppers' attention is directed toward items on the shelf. The language complained of is taken directly from the case of *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427 (263 SE2d 171) (1979), as is the language of the second charge objected to by appellant. In that charge, the court said that the plaintiff is not barred from recovery simply because by extreme care the injury could have been avoided.

The charge of the court must be viewed as a whole. If, taken as a whole, the charge of the court covers the issues presented fairly and accurately, no error will be presumed from minute inspection of individual words or phrases. *Rosenthal v. Hudson*, 183 Ga. App. 712 (5) (360 SE2d 15) (1987); *Ga. Farm Bureau Mut. Ins. Co. v. Burton*, 176 Ga. App. 729 (2) (337 SE2d 455) (1985). After reviewing the charge given by the court, we find that the whole charge covered fairly all issues and contentions of both sides. The enumerations are without merit.

4. Finally, appellant argues that the trial court's charge on damages was repetitive and redundant and improperly contained references to diminished earning capacity. We find no error. The instructions as given do not indicate that the judge placed undue emphasis on damages and thus influenced the jury. Nor did the court improperly charge on diminished earning capacity. Rather, the charge merely referenced the diminished capacity to work as an element of pain and suffering. Appellee presented evidence of things she could no longer do in her job because of her injury. The charge was proper. See *Malcolm v. Cotton*, 128 Ga. App. 699 (3) (197 SE2d 760) (1973).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

Decided February 15, 1989.

Nixon, Yow, Waller & Capers, Richard E. Miley, Ziva P. Bruckner, for appellant.

James W. Ellison, Louis Saul, for appellee.