## A93A1889. WILLIAMS v. SOUTHERN GENERAL INSURANCE COMPANY.
### (440 SE2d 753)

SMITH, Judge.

Williams filed an action on a policy of automobile insurance issued to him by Southern General, seeking recovery for collision damage to his vehicle suffered on March 10, 1987. Southern General filed a motion for summary judgment, contending that Williams failed to comply with the provisions of the policy with respect to filing a proof of loss and complying with an appraisal clause. The trial court granted summary judgment in favor of Southern General, and Williams appeals.

Williams admits that he failed to file a sworn statement in proof of loss within 60 days of the loss as required by the policy, which by its terms prevents him from bringing an action without complying with all conditions precedent. Williams contends, however, that the requirement of a proof of loss was waived by Southern General's conduct in handling the claim.

While Williams does not recall when the first notice of the incident was given to Southern General, it is undisputed that Williams mailed a written repair estimate and photographs of the damaged vehicle to Southern General by April 3, 1987, when they were stamped "received" by the company and assigned a claim number. It is apparent from the record that Southern General's employees had some difficulty in contacting Williams thereafter. However, as early as August 7, 1987, Williams's attorney was in correspondence with Southern General's representatives regarding a settlement. Southern General made an offer in settlement some time before October 29, 1987. On November 11, 1987, Williams's attorney sent a demand letter to Southern General. Another letter was sent on February 11, 1988, and suit was filed on February 23, 1988. Southern General filed defensive pleadings, and discovery commenced. On May 6, 1988, Southern General's attorney wrote Williams's attorney observing that no proof of loss had been filed and enclosing a proof of loss form. The proof of loss was completed by Williams and forwarded to Southern General by his attorney on May 31, 1988.

1. OCGA § 33-24-39 requires that an insurer furnish a proof of loss form upon written request, and it provides that "[f]ailure or refusal to furnish the form upon written request *or written notice of a loss* shall constitute waiver of the right of the insurer to require proof of loss." (Emphasis supplied.) This court has found that "a completed inventory sheet . . . amounted to the written notice of a loss specified in OCGA § 33-24-39. [Cits.]" *Britt v. Independent Fire Ins. Co.*, 184 Ga. App. 225, 227 (2) (361 SE2d 226) (1987). The photographs and repair estimates, which included a list of the parts, prices, and labor

charges required for the repairs, similarly placed the insurer on notice of the loss. "Under these circumstances we think that, at the very least, a jury question is presented as to whether the insurance company waived the proof of loss requirement by failing or refusing to provide the proof of loss form upon written notice of a loss." Id.

Moreover, apparent ongoing settlement negotiations by both telephone and letter, without any mention of or demand for a proof of loss, also present a jury issue as to waiver of the policy requirement. See *Lynn v. Ga. Farm &c. Co.*, 189 Ga. App. 209, 210 (1) (375 SE2d 259) (1988).

2. Southern General also sought summary judgment on the basis of Williams's failure to comply with the appraisal clause of the policy, which requires that a request for appraisal be made within 60 days of submission of the proof of loss. Williams responds that Southern General waived the appraisal clause both by its conduct of negotiations and its wavier of the proof of loss.

Southern General did not invoke the appraisal clause until after this litigation began. The record reveals that in March of 1988, Southern General filed defensive pleadings raising the issues of noncompliance with the appraisal clause and proof of loss requirement, but it did not provide a proof of loss form to Williams until its letter of May 6, 1988. While Southern General suggested appraisal in that letter, written before the proof of loss form was completed by Williams, it did not invoke the appraisal clause until June 30, 1988.

A provision of an insurance policy may be waived by inaction and delay on the part of the insurer. *Hufstetler v. Intl. Indem. Co.*, 183 Ga. App. 606, 609 (2) (359 SE2d 399) (1987). Whether Southern General waived the appraisal clause by invoking it after litigation had commenced and the vehicle was destroyed presents a jury issue. The appraisal clause cannot be invoked without compliance with its terms, which are to be strictly construed against Southern General, the drafter. *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333, 334-335 (1) (380 SE2d 686) (1989). To be valid, the clause requires that a written demand for appraisal be made "within sixty days after receipt of proof of loss by the company." If proof of loss has been waived, a superfluous proof of loss form submitted after litigation has commenced does not constitute "receipt of proof of loss by the company" within the meaning of the appraisal clause, or revive a clause itself dependent upon a provision of the policy that has already been waived. "If [Southern General] waived the policy provision at all it could not thereafter insist on it for any purpose. [Cits.] If there was indeed a waiver . . . the fact that [Williams] through his attorney thereafter acceded to the request of the company and forwarded proof of loss forms . . . did not reinstate [Southern General's] right to demand [appraisal]." *Napp v. American Cas. Co.*, 110 Ga. App. 673, 675-676

(2) (139 SE2d 425) (1964).

Southern General has not met its burden of showing that there is no disputed issue of material fact and that it is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). The trial court erred in granting summary judgment in its favor.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 7, 1994.

*Mullis, Marshall, Lindley & Powell, Julius A. Powell, Jr.*, for appellant.

*Jones, Cork & Miller, John T. Mitchell, Jr.*, for appellee.