FOX, trustee, *v.* QUEEN INSURANCE COMPANY.

1. Under the provisions of the Civil Code, § 2090, a husband or parent has such an insurable interest in the separate property of his wife or child as to authorize him to make a contract of insurance in relation to the same in their behalf, although he have no interest whatever in the property. But such a contract, to be valid, must be made by the husband or parent in his representative capacity, not as an individual.

2. A policy of fire insurance was issued to A individually, purporting to insure a described building. There was nothing in the policy to indicate that A's interest was other than individual. The policy contained a stipulation that it should be void "if the interest of the insured be other than unconditional or sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple." After a loss a suit was brought upon the policy by A as trustee for his children, the petition alleging that he held title to the property in trust for his children. *Held*, that the petition was properly dismissed on demurrer.

Argued January 19,—Decided February 19, 1906.

Action on insurance policy. Before Judge Fite. Whitfield superior court. April 12, 1905.

A. R. Fox, as trustee, suing for the use of William W., Mary Jane, Jane E., Lillie Evaline, and John Anderson Fox, brought an action against the Queen Insurance Company of America, and

alleged the following facts: On March 18, 1904, in consideration
of two dollars and fifty cents, the defendant issued to A. R. Fox
a policy of insurance in the sum of $200, insuring him against
loss by fire on a certain dwelling in Dalton, Ga. The property
was held by A. R. Fox in trust for his children, for whose use
he sues; and it is alleged that the policy was taken out for the
benefit of said children, although it was issued to A. R. Fox in-
dividually. The property was totally destroyed by fire, and, after
proofs of loss were furnished, the defendant refused to pay any
sum upon its policy. By amendment it was alleged, that Lillie
Evaline Fox died before reaching the age of twenty-one, leaving
one minor child, and that "the remaining cestuis que trustent
were of age when the policy was issued." A copy of the policy
was attached to the petition as an exhibit, and contained the fol-
lowing stipulation: "This entire policy, unless otherwise provided
by agreement indorsed hereon or added hereto, shall be void . .
if the interest of the insured be other than unconditional and sole
ownership; or if the subject of insurance be a building on ground
not owned by the insured in fee-simple." At the trial the peti-
tion as amended was dismissed, on motion, as setting forth no cause
of action. The plaintiff excepted.

*R. J. & J. McCamy* and *W. E. Mann,* for plaintiff.

*King, Spalding & Little* and *Shumate & Maddox,* for defendant.

COBB, P. J. (After stating the foregoing facts.) Under the
petition as amended, it appeared that four of the cestuis que trust-
ent for whose benefit A. R. Fox took out the policy of insurance
had reached the age of twenty-one years previously to the issuance
of the policy, and the fifth cestui que trust had died. If, there-
fore, Fox held the legal title to the property as a trustee previously
to the issuance of the policy to him, the trust has apparently be-
come executed, as to four of the beneficiaries, and it may be that
it would appear, if the instrument creating the trust were before
us, that he had been divested of the legal title, at least as to a four-
fifths interest in the property. But we do not base the decision of
the case on this apparent fact. Section 2090 of the Civil Code is
as follows: "To sustain any contract of insurance, it must appear
that the assured has some interest in the property or event insured,
and such as he represented himself to have. . . So a husband

or parent may insure the separate property of his wife or child, the recovery being held by him in trust for them," etc.  The intent of this section is to make the husband or parent a trustee for the purpose of insuring the property of his wife or child.  It gives him no individual insurable interest in the property.  He can make a contract of insurance in their behalf, but when made it must be in his representative capacity.  See *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 298.  And we think it doubtful if in a representative capacity a parent could take out a policy of insurance for the benefit of his children who are sui juris.  Majority of the children, with its attendant capacity to contract, relieves the need which the statute was intended to supply.  But in this case the parent did not take out the policy in his representative capacity, but it was issued to him individually.  The children were not in any sense parties to the contract.  To hold the insurance company liable to them would make it liable on a contract it did not enter into, and give the children the benefit of a contract to which they were strangers.  To entitle the plaintiff in this case to a recovery he must prove an individual insurable interest in the property, not one which he may have in a representative capacity.  Under the facts as they appear from the record, the plaintiff could not recover, even in the absence of the stipulation in the policy as to ownership, because he has no insurable interest in the property, in the capacity in which he took out the policy.

The stipulation as to ownership is one which if untrue would void the policy.  See *Palatine Ins. Co.* v. *Dickenson,* 116 *Ga.* 794; *Williamson* v. *Orient Ins. Co.,* 100 *Ga.* 791, and cit.  Older cases were cited by the plaintiff, which he contended made the voiding of a policy because of the falsity of a representation dependent upon its materiality.  We think they can be distinguished from the present case.  In *Southern Ins. Co.* v. *Lewis,* 42 *Ga.* 587, the policy was issued upon a storehouse "owned and occupied by the assured as a store," when in fact the title to the realty was in the agent of the company issuing the policy, who had agreed to convey the property to the insured.  It was held that "their title to the store was one in which the courts of equity would have protected them.  Bethel [the agent] could neither have recovered the premises in ejectment, nor could he have claimed the building, or removed it, or by any process either in law or equity have interfered

with their right, title, and possession thereto." This was such an ownership as would not make the stipulation untrue that the property was "owned and occupied by the insured." In *Mobile Ins. Co.* v. *Coleman,* 58 *Ga.* 251, a stipulation in the policy recited that if the interest of the insured was not truly stated the policy would be void. The insured stated his interest to the agent of the company as that of a lessee, the contract did not require such statement to be in writing; and though the contract did require that when the interest of the insured was otherwise than sole ownership it should be so expressed in the written part of the policy, it was held to be the duty of the agent to so express such interest, and his failure to do so would not void the policy. In *Phenix Ins. Co.* v. *Fulton,* 80 *Ga.* 224, property of the value of $6,500 was stated to be without incumbrances, when in fact there was a mortgage upon it in the sum of $500. A stipulation in the policy declared that a false answer to any interrogatory should void the policy. The court charged the jury that the misstatement must be material, to void the policy, and this charge was approved. It will be seen at once that this stipulation is of a different class from the one in the present case. In that case the condition of the property insured was incorrectly stated. In the case under consideration title was claimed by the insured when he had no title to the property, and no insurable interest therein. We think the court below correctly dismissed the petition; and the judgment is accordingly *Affirmed. All the Justices concur.*