### 14311.   PEOPLES & PLANTERS MUTUAL FIRE ASSOCIATION v. WYATT.

STEPHENS, J.   1.   Where a fire-insurance policy appears, upon its face, to be issued to a husband in his individual capacity upon property purporting to belong to him, but which in fact belongs to the wife, the policy

will, where the insurer, through the agent issuing it, had actual notice from the husband, at the time, that the property insured belonged to the wife, be construed as a valid contract of insurance, covering the property of the wife, issued to the husband as trustee, and the husband can recover therefor for the benefit of the wife. See, in this connection, Civil Code (1910), § 2472; *Atlas Assurance Co.* v. *Kettles,* 144 *Ga.* 306 (87 S. E. 1); *Fox* v. *Queen Ins. Co.,* 124 *Ga.* 948 (53 S. E. 271); *Orient Ins. Co.* v. *Williamson,* 98 *Ga.* 464 (25 S. E. 560); 14 R. C. L. 917; 45 L. R. A. (N. S.) 1131.

2. Where the property insured consisted of two barns belonging to the wife, and in addition thereto the contents of the barns, consisting of "all farm products, farming utensils, and buggies," the contents of the barns were insured within the terms of the policy, which provided that "in no case shall household goods, barns, and contents be insured except within building insured in this association," and the husband could recover therefor in his individual capacity.

3. Where, in such a case, the policy provides that "this association shall not be released from any obligation in case of loss or damage because of liens, mortgages, or defective titles to the property, but when it shall appear that the insured is not the rightful or legal owner of the property, then shall the insurance, or such part of same as may not belong to the insured, be paid to the proper owner," the contract of insurance is good as to the contents of the barns, whether or not it constituted a valid contract of insurance as respects the barns.

4. The passing of title by the death of the insured (as in this case the wife) is not such a change of title as will void a fire-insurance policy which contains a provision that "if at any time there shall be a change of title or ownership of the within-described property, the obligations of the insured and the association shall at once cease."

5. The husband having maintained the suit in his individual capacity, the judgment finding for the plaintiff will not be reversed upon the ground that the suit is not maintained by him for the use of the wife as beneficiary. The petition being subject to amendment in this respect, a failure to so amend was cured by verdict.

6. In a suit by the husband against the insurer to recover for the loss to the barns, as well as the contents, the verdict for the plaintiff was authorized, and the court did not err in overruling the defendant's demurrer to the petition, or in overruling the defendant's motion for a new trial.

    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

    Decided February 27, 1924.

Action on fire-insurance policy; from city court of Statesboro— Judge Strange presiding. January 16, 1923.

*John F. Brannen,* for plaintiff in error.

*Francis B. Hunter,* contra.