## 41882. GEORGIA MUTUAL INSURANCE COMPANY v. NIX.

ARGUED APRIL 4, 1966—DECIDED APRIL 28, 1966— REHEARING DENIED MAY 25, 1966—

736

*Farkas, Landau & Davis, Leonard Farkas, II,* for appellant.
*E. R. Smith, Sr., W. D. Knight,* for appellee.

JORDAN, Judge. Former *Code* § 56-812 provided as follows: "To sustain any contract of insurance, it shall appear that the insured has some interest in the property or event insured, and such as he represented himself to have. A slight or contingent interest, whether legal or equitable, shall be sufficient, and several having different interests may unite in procuring one policy; so a husband or parent may insure the separate property of his wife or child, the recovery being held by him in trust for them; but a mere expectation of an interest is not insurable." This Code section was repealed by the new Georgia Insurance Code (Ga. L. 1960, p. 289) and superseded by *Code Ann.* § 56-2405, which provides in part as follows: "(1) No insurance contract on property or of any interest therein or arising therefrom shall

be enforceable except for the benefit of persons having, at the time of the loss, an insurable interest in the things insured. (2) 'Insurable interest' as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment."

It is contended by the defendant insurance company that since *Code Ann.* § 56-2405 does not specifically provide that a husband or parent may insure the separate property of his wife or child, as did former *Code* § 56-812, the plaintiff had no insurable interest in the subject automobile, title to which was in his minor son, and that the policy sued upon is therefore unenforceable as to this automobile. We do not agree with this contention. Whether or not the plaintiff here had an insurable interest in the property insured is immaterial under *Code Ann.* § 56-2405. This Code section simply provides that a contract of insurance shall be unenforceable "except for the benefit of persons" having an insurable interest in the thing insured; and under the decision of this court in *Peoples & Planters Mut. Fire Assoc. v. Wyatt*, 31 Ga. App. 684 (1) (121 SE 708), where as here, it is alleged that the defendant insurance company, through the agent issuing the policy, had actual knowledge that title to the insured property was in the plaintiff's son, the policy will be construed as a valid contract of insurance covering the property of the son, issued to the father as trustee, and he can recover therefor for the benefit of his son. Clearly, in the absence of an express statutory prohibition, a father is the natural guardian of his minor children and being endowed with their custody, control and management (*Code* §§ 49-102, 74-108), has the legal right to execute a contract of insurance in their behalf.

The fact that this suit was brought by the plaintiff in his individual capacity and not for the use of his son as beneficiary was an amendable defect of form and not of substance and would not subject the petition to general demurrer. *Peoples & Planters Mut. Fire Assoc. v. Wyatt*, 31 Ga. App. 684 (5), supra. Since the petition was not demurred to specially on this ground and

since it was not subject to the demurrers interposed, the judgment appealed from is affirmed.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*