65959, 65960. MARETT PROPERTIES, INC. et al. v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA et al.
(two cases).

SOGNIER, Judge.

Marett Properties, Inc. (Marett Properties) and its employee, Sylvia K. Marett, sued The Prudential Insurance Company of America (Prudential) and its agent, Michael Flaherty, on a group insurance policy, seeking damages for misrepresentation of the terms of the policy, bad faith penalties, and punitive damages. This action was brought after Prudential declined payment of claims submitted on behalf of Sylvia Marett's dependent, David Marett, who was at all relevant times confined and in treatment for emotional disorders. Prudential and Flaherty filed a motion for summary judgment and Marett Properties and Sylvia Marett moved for partial summary judgment. The trial court granted Prudential's motion and denied that of the plaintiffs. Marett Properties and Sylvia Marett appeal.

Appellants contend that the trial court erred in granting summary judgment in favor of appellees because genuine issues of material fact remain and because the legal authority relied upon by the trial court was inapplicable to the facts of the case.

The critical provision of the Prudential policy issued to Marett Properties is entitled, "DEFERMENTS AS TO QUALIFIED DEPENDENTS" and provides as follows: "If any qualified dependent is confined for medical care or treatment either in an institution or at home on the date any Dependents Insurance . . . would otherwise become effective, . . . such insurance or adjustment will be deferred until his final medical release from all such confinement." This provision was also contained in slightly different language in the employee's booklet issued to Marett Properties. There is no evidence controverting the applicability of this provision to David Marett as a basis for denying claims submitted during his ongoing confinement and treatment. However, it is appellants' contention that the conduct, actions, and neglect of Flaherty and Prudential estop Prudential from denying liability for the claims.

Construing the evidence as we must, in favor of appellants as the nonmoving parties on motion for summary judgment, *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (1) (183 SE2d 78) (1971), the following facts were adduced: At the time Flaherty contacted William Marett, husband of Sylvia Marett and president of Marett Properties, about the purchase of a Prudential policy, Marett Properties was insured under a group policy with Pacific Mutual Life Insurance Company. William Marett fully disclosed the treatment status of David Marett to Flaherty. William Marett informed Flaherty that after obtaining

the Pacific Mutual policy, he had learned that Pacific Mutual would cover David's treatment only for a 60-day period during any continuous 24-month period, and he therefore was only interested in talking to Flaherty if Prudential could provide improved coverage. Marett specifically questioned Flaherty as to why Prudential would enter into an obvious loss situation, since the amount of anticipated claims for David far exceeded the amount of the premium. Flaherty conferred with Prudential and with his boss and assured Marett that Prudential wanted Marett Properties' business and that David would be covered. Since Prudential would be issuing a replacement policy, Flaherty obtained the Pacific Mutual benefit booklet from Marett and forwarded it to Prudential.

Prudential initially declined to issue a policy to Marett Properties but reversed its decision due to the efforts by Flaherty and his boss. The Prudential policy then went into effect and Marett Properties cancelled its Pacific Mutual policy.

Marett Properties did not receive a copy of the Prudential policy or an employee booklet until approximately one month after its effective date. Missing from the booklet was a three page "EMPLOYEE NOTICE" containing a provision entitled, "SPECIAL BENEFIT ARRANGEMENT FOR TRANSFERRING PERSONS," which stated in pertinent part: "The special [benefit] arrangements apply to transferring persons who do not qualify for full benefits under the replacing plan [i.e., the Prudential plan] because of —

"2. Being a dependent who is confined for medical care and treatment in an institution or at home on the effective date.

"Transferees qualifying for the special benefit arrangements as indicated . . . above will be entitled to the smaller of:

"1. The amount that would have been payable under the replaced plan [i.e., the Pacific Mutual plan] had it been continued, and

"2. The amount that would have been payable under the replacing plan had the person qualified for full benefits under that plan."

After a substantial delay following Sylvia Marett's submission of claims for David, Prudential declined payment. The notification letter referred first to the explanation of the "DEFERMENTS AS TO QUALIFIED DEPENDENTS" provision in the employee's booklet as a basis for nonpayment of the claims. The letter then explained that the Marett Properties policy included a "special benefit arrangement" that would provide benefits for David at a level equal to those available under the former Pacific Mutual coverage, less any amount payable by Pacific Mutual. However, since Pacific

Mutual had already paid for the 60-day maximum provided in its policy, Prudential's liability was limited accordingly and no benefits would be forthcoming on the expenses claimed.

Appellants urged that fact issues exist as to whether the agent Flaherty had knowledge of the Pacific Mutual 60-day limitation prior to the effective date of the Prudential policy and as to what versions of the Prudential policy and employee booklet were delivered to Marett Properties. They contend, among other things, that the omission of the "Employee Notice" containing the explanation of the "special benefit arrangements" deprived them of notice of the limitation on coverage for David.

These factual questions are not material. The clear language of the policy provision, "DEFERMENTS AS TO QUALIFIED DEPENDENTS," excludes coverage for claims submitted on behalf of David Marett during the period of his continuous confinement. The "special benefit arrangement," which actually *expands* coverage for David, is incidental to the basic policy provision deferring his coverage. Appellants do not contend that the manner in which the "special benefit arrangement" was applied was erroneous. Rather, they complain that such arrangement was in effect and that they were unaware of it. However, appellants rest the blame on the wrong provisions, since it was the "DEFERMENTS" provision, not the "special benefit arrangement," that was the primary basis for denying claims for David. Whether Flaherty knew in advance that the Pacific Mutual policy Prudential was replacing contained the 60-day limitation is immaterial to the central issue of whether the "DEFERMENTS" provision applied. Appellants do not contend that the "DEFERMENTS" provision was missing from the copy of the policy furnished by Prudential. Hence, any differences between the policy or the employee booklet furnished Marett Properties and those relied upon by Prudential are likewise immaterial.

"Insurance, including group insurance, is a matter of contract, and the parties thereto are bound by the terms of the policy. [Cits.]" *Barker v. Coastal States Ins. Co.,* 138 Ga. App. 164, 166 (225 SE2d 924) (1976). Since the unambiguous language of the policy deferred coverage for David Marett, this court is without the authority to interpret, rewrite, or change its terms. *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165, 168 (1, 2) (196 SE2d 334) (1973).

Further, it was Marett Properties' prerogative to insist that a copy of the policy be provided before the Prudential coverage went into effect and before the Pacific Mutual policy was cancelled. Marett Properties was not only free to examine the contract before entering into it, it was under a duty to do so. *Barnes v. Levenstein,* 160 Ga. App. 115, 116 (286 SE2d 345) (1981). See also *Gilly's Sausage Co. v.*

*Cotton States &c. Ins. Co.,* 165 Ga. App. 105, 106 (299 SE2d 413) (1983); *Ethridge v. Associated Mutuals,* 160 Ga. App. 687 (288 SE2d 58) (1981); *Parris & Son,* supra at 172 (13).

The remaining question is whether appellants have an actionable claim in fraud against Flaherty or his employer, Prudential. Flaherty's advice to William Marett that David's treatment would be fully covered was erroneous. However, where the truth of the representations would depend upon the legal effect of the policy provisions, then the alleged misrepresentations were misrepresentations of law. *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164, 166 (141 SE2d 208) (1965). "Misrepresentations as to a question of law cannot constitute remediable fraud, as such representations are ordinarily regarded as mere expressions of opinion." Id. See also *Hawkins Iron v. Continental Ins. Co.,* 128 Ga. App. 462, 464 (2) (196 SE2d 903) (1973); *Parris & Son,* supra at 168 (3).

"Nor does the expression of an opinion as to coverage work an estoppel — even against the agent who voiced it, or against his principal." *Parris & Son,* supra at 169 (5). See also *Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17, 21 (2a) (147 SE2d 5) (1966). Cases relied upon by appellants to assert their contentions of estoppel, including *Clay v. Phoenix Ins. Co.,* 97 Ga. 44 (25 SE 417) (1895), are factually inapposite.

The trial court did not err in granting summary judgment in favor of Prudential and Flaherty.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 13, 1983 —
REHEARING DENIED JULY 28, 1983 — ▆▆▆▆▆▆

*George W. Warlick,* for appellants.
*Ben Kingree III, Steven L. Beard,* for appellees.