69606. ROACH et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY et al.
(325 SE2d 797)

DEEN, Presiding Judge.

In April 1979 one of the appellants, Bert Roach, purchased a 1979 Ford pickup truck, for which he obtained insurance through the appellees, Georgia Farm Bureau Mutual Insurance Company (Georgia Farm) and Varney Watson (the company's agent). Roach paid the policy premiums duly, and the policy remained in effect until March 1983. On February 17, 1983, the truck was totally destroyed while being driven by the other appellant, Johnny Wilborn.

Although there was no blood or legal relation, Roach had reared Wilborn and the two considered one another father and son. Wilborn lived with his wife and children across the street from Roach. Several months prior to the destruction of the truck, Roach had sold the vehicle to Wilborn for $2,500. (Prior to this sale, Roach had allowed Wilborn to use the truck whenever he needed it, and after the sale Wilborn extended the same consideration to Roach.) Wilborn borrowed the purchase money from a local bank; Roach evidently signed over the certificate of title, and Wilborn in turn submitted the certificate of title to the bank so that it could perfect a security interest.

The appellant testified that a few days after this transfer of the vehicle, Wilborn went to the insurer's office and informed Watson of the transaction. At that time, Watson allegedly advised Wilborn that it would be all right to leave the truck insured under Roach's policy, but that he would contact them if he discovered any problem with the arrangement. Jeff Jarrard, also a Georgia Farm agent at the time, claimed to have had no knowledge of the transfer until approximately two weeks before the total wreck of the truck, when Wilborn had reported an earlier property damage claim. That first claim was not

processed before the final claim was made.

There was no dispute that the truck was damaged beyond repair, and Georgia Farm issued a draft for $4,600 to Roach; it in turn requested the certificate of title transferring the vehicle to Georgia Farm. The appellants took the draft and paid off Wilborn's remaining indebtedness, retrieved the certificate of title, which identified Wilborn as the owner, and then took the title to the appellees. It was further undisputed that until that time, none of the parties had actual knowledge that the certificate of title had been formally changed to indicate Wilborn as the owner of the vehicle. Georgia Farm, considering that the vehicle was insured under Roach's policy and that Roach had no insurable interest in the vehicle at the time of its destruction, then stopped payment on the draft. Watson subsequently suggested that Wilborn transfer the vehicle over to Roach, and backdate the transfer; the appellants followed Watson's suggestion, and resubmitted the title, but Georgia Farm still rejected the claim.

Roach and Wilborn then commenced this action against Georgia Farm and Watson, alleging fraud and breach of contract. Following the close of the appellants' evidence at trial, the trial court directed verdict for Georgia Farm and Watson, and this appeal followed. *Held*:

OCGA § 33-24-4 (b) provides that "[n]o insurance contract on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having, at the time of the loss, an insurable interest in the things insured." An " 'insurable interest' means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." OCGA § 33-24-4 (a).; *Ga. Farm Bureau &c. Ins. v. Mikell*, 126 Ga. App. 640 (191 SE2d 557) (1972). This requirement of an insurable interest is founded upon public policy. *Gordon v. Gulf American Fire & Cas. Co.*, 113 Ga. App. 755 (149 SE2d 725) (1966).

In the instant case, Roach had an insurable interest in the Ford truck at the time he originally obtained insurance coverage on it, but that interest terminated when he sold the vehicle to Wilborn prior to the loss. Wilborn had an insurable interest in the vehicle at the time of the loss, but he had no policy of insurance. Roach's assertion that in the event Wilborn had been unable to pay off the bank loan, he would have assumed that responsibility and taken back the truck simply did not create the requisite lawful interest in the property sufficient to entitle him to protect it by insurance. See *Gordon v. Gulf American Fire & Cas. Co.*, supra at 760.

The appellants rely upon several cases which hold that where an agent of the insurance company has actual knowledge of the real facts of ownership at the time of the issuance of the policy, the company is estopped from later asserting that the policy is not binding. *American*

*Reliable Ins. Co. v. Woodward*, 143 Ga. App. 652 (239 SE2d 543) (1977); *Wilson Marine Sales &c. v. Fireman's Fund Ins. Co.*, 133 Ga. App. 220 (211 SE2d 145) (1974). However, in those cases the policyholder, while not enjoying unencumbered title to the property, still had a lawful, insurable interest. See also *Ga. Mut. Ins. Co. v. Nix*, 113 Ga. App. 735, 737 (149 SE2d 494) (1966), in which this court held that where an insurance company had actual knowledge that title to the insured property was in the policyholder's *minor* child, "the policy will be construed as a valid contract of insurance covering the property of the son, issued to the father as trustee, and he can recover therefor for the benefit of his son." Such a construction, however, will not be imposed where the child is *sui juris*, and much less so where there is no actual legal relation between the policyholder and the property owner. Cf. *Fox v. Queen Ins. Co.*, 124 Ga. 948 (53 SE 271) (1905). In summary, the evidence in this case demanded the finding that no enforceable contract of insurance covered the loss of the truck.

Likewise, the appellants proved no actionable fraud. Watson's alleged assurance (as agent for Georgia Farm) that Wilborn's truck would be covered under Roach's policy must be classified as a representation or expression of opinion as to a matter of law, which is not actionable unless a fiduciary relationship exists between the parties. *Marett Properties v. Prudential Ins. Co.*, 167 Ga. App. 631, 634 (307 SE2d 69) (1983); *Parris & Son v. Campbell*, 128 Ga. App. 165, 169 (196 SE2d 334) (1973); *Clinton v. State Farm Mut. Auto. Ins. Co.*, 110 Ga. App. 417 (138 SE2d 687) (1964). Accordingly, under the evidence adduced by the appellants, the appellees were entitled to judgment as a matter of law, and the trial court properly directed a verdict for Georgia Farm and Watson.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1984 —
REHEARING DENIED DECEMBER 20, 1984 —

*R. Bruce Russell, Sr.*, for appellants.
*Robert F. Oliver, John O. Bouwsma*, for appellees.