71415. FRIEDMAN v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY et al.
(341 SE2d 275)

SOGNIER, Judge.

Hirsch Friedman appeals from the trial court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company and its exclusive agent, David Chandler, on his claim of fraudulent misrepresentation.

Appellant obtained a policy of automobile insurance from appellee State Farm (hereinafter appellee) in 1973. The policy provided for $10,000 in personal injury protection (PIP) benefits. By deposition and affidavit, appellant stated that between 1973 and 1982 appellee's agent, appellee Chandler (hereinafter Chandler), represented to appellant that the policy provided maximum PIP benefits and when appellant inquired after a minor car accident why his policy did not reflect the maximum amount, Chandler "personally assured" appellant that the policy would be amended and subsequently informed appellant that the requested changes had been made but that the endorsement had been mailed to the wrong address. Appellant was injured in a bomb explosion in his car and brought suit against appellee for maximum PIP benefits and penalties under OCGA § 33-34-6 when appellee denied his claim on the sole basis that appellant had failed to return the optional benefits acceptance/rejection form appellee had mailed to appellant. Subsequent to the Supreme Court's opinion in *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185 (317 SE2d 816) (1984), appellee promptly paid appellant the maximum PIP amounts and appellees' first motion for summary judgment was granted as to PIP coverage and penalties. However, because appellant added a fraudulent misrepresentatiton claim to his complaint the day before the hearing on the first motion, appellees filed a second motion for summary judgment to address that issue. It is the grant of summary judgment to appellees on the second motion from which appellant appeals.

Appellant contends the trial court erred by granting summary judgment to appellees because questions of fact remain whether appellant has an actionable claim in fraud against appellees for Chandler's statements. "[W]here the truth of the representations would depend upon the legal effect of the policy provisions, then the alleged misrepresentations were misrepresentations of law. [Cit.] 'Misrepresentations as to a question of law cannot constitute remediable fraud, as such representations are ordinarily regarded as mere expressions of opinion.' [Cits.]" *Marett Properties v. Prudential Ins. Co.*, 167 Ga. App. 631, 634 (307 SE2d 69) (1983). Chandler's alleged assurances (as agent for appellee) that appellant's policy provided for maximum PIP benefits "must be classified as a representation or expression of opin-

ion as to a matter of law, which is not actionable unless a fiduciary relationship exists between the parties. [Cits.]" *Roach v. Ga. Farm &c. Ins. Co.*, 173 Ga. App. 229, 231 (325 SE2d 797) (1984). It is uncontroverted that no fiduciary relationship existed between appellant and Chandler. "So long as 'one essential element under any theory of recovery is lacking . . . [appellees are] entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements.' [Cit.]" *A-Larms, Inc. v. Alarms Device Mfg. Co.*, 165 Ga. App. 382, 385 (1) (300 SE2d 311) (1983). The cases cited by appellant in support of his contention, such as *Dillard v. Woodall*, 167 Ga. App. 158, 159 (3) (306 SE2d 81) (1983), involve possible dual agencies and are therefore inapposite to this case. Therefore, because appellee's agent's assurances do not constitute fraudulent misrepresentations as a matter of law, the trial court correctly granted summary judgment to appellees. *Marett Properties*, supra; *Thomas v. Union Fidelity &c. Ins. Co.*, 168 Ga. App. 267, 269 (4) (308 SE2d 609) (1983).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 7, 1986 —
REHEARING DENIED FEBRUARY 19, 1986 — 

*Alan Z. Eisenstein*, for appellant.
*Gregory R. Veal, Jerry B. Blackstock*, for appellees.