73035. DAVIS v. AETNA CASUALTY & SURETY COMPANY.
(349 SE2d 525)

SOGNIER, Judge.

Cecil Davis appeals from the trial court's grant of summary judgment in favor of Aetna Casualty and Surety Company.

Appellant's chicken house sustained wind damage during the course of its construction. The wind damage was an insurable event under a policy issued by appellee to appellant. Gerald Clark, hired by appellant to build the structure, effectuated repairs and appellant received compensation from appellee for the repair work. Two weeks after the repairs were made and the chicken house completed, the structure collapsed, destroying the contents of the building.

Appellant's contention that questions of fact exist whether appellee is liable for the alleged negligence of Clark in inadequately repairing the support trusses damaged by the windstorm need not be addressed since the record reveals no questions of fact remain whether Clark's repairs were negligent or inadequate. Clark, in his deposition on file, stated that appellant hired him to build the chicken house with materials supplied by appellant. The building materials included the trusses which were specially ordered by appellant and which were non-certified trusses, less expensive than "engineered-type" trusses. Clark stated that "all we had to go by" in terms of building specifications was a comparison with another chicken house on appellant's property. Clark stated that he was not told by appellant how much weight appellant intended to put in the building and thus he (Clark) was not in a position to warn appellant that the special-ordered trusses would not support the weight put on them. Clark personally supervised the repair of the wind-damaged trusses and stated that the trusses after repair were stronger than they had been originally.

The record before this court and before the trial court contains

no affidavits or depositions on behalf of appellant and there is nothing in the record to rebut Clark's statements to the effect that the wind damaged trusses were not inadequately repaired. Appellee thus pierced one essential element of appellant's case, namely, whether the acts of the person appellant contends appellee is liable for were negligent, see generally *Friedman v. State Farm &c. Ins. Co.*, 177 Ga. App. 873, 874 (341 SE2d 275) (1986), and appellant failed to carry his burden by setting forth specific facts showing that there is a genuine issue of material fact for trial. See generally OCGA § 9-11-56 (e); *Bentley v. Nat. Bank of Walton County*, 175 Ga. App. 732, 734 (2) (334 SE2d 331) (1985). The trial court's grant of summary judgment in favor of appellee is therefore affirmed.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 2, 1986 —
REHEARING DENIED OCTOBER 16, 1986.

*Craig A. Webster*, for appellant.
*Glenn Whitley, D. Lynn Kelley, Robert C. Wilmot*, for appellee.