**Dennis D. HALL, Plaintiff,**

v.

**TIME INSURANCE COMPANY, Defendant.**

**Civ. A. No. 85–11–ATH (WDO).**

United States District Court,
M.D. Georgia,
Athens Division.

Oct. 13, 1987.

Herbert T. Hutto, Athens, Ga., for plaintiff.

Harvey S. Gray, Atlanta, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

 In response to this court's order dated June 19, 1987, defendant Time Insurance Company (Time) now asserts that this court did not have jurisdiction to decide the coverage question involved therein because the minor child, Aubrey Scott Hall, the named insured who has suffered a loss, was not a party to the lawsuit. Not only was this defense never raised in any of the other prior pleadings, the court is convinced that Georgia law would not find the failure by Mr. Hall to bring this suit in his representative capacity, as opposed to bringing it in his individual capacity, to be a defect of such magnitude that the court would lose jurisdiction to entertain the coverage question absolutely. *See Georgia Mutual Insurance Co. v. Nix*, 113 Ga.App. 735, 149 S.E.2d 494, 496 (1966) (The fact that this suit was brought by the plaintiff in his individual capacity and not for the use of his son as beneficiary was an amendable defect of form and not of substance and would not subject the petition to general demurrer). It is clear that Mr. Hall has an insurable interest in his son's health, and that, in fact, he already has been held liable under court order for his son's medical bills. *See* Order of the Superior Court of Oconee County, State of Georgia, dated May 20, 1986. Based upon these facts, the court finds that Time has waived any objection that it might have had to the style of the parties in this case, and, further, to the extent that they have not waived that defense, the court finds that Rule 15(b) of the Federal Rules of Civil Procedure would allow the pleadings to be amended to conform to the evidence in the case. Accordingly, there being no substantial justification to reconsider this court's order of June 19, 1987, it is hereby RE-AFFIRMED in its entirety.

 Assuming liability, Time next asserts that it can only be held liable for those medical expenses actually submitted to Time for payment. While it is true that normally an insurance company can require timely proof of loss by its insured, where the insurer denies coverage absolutely, as was done in this case, it can no longer rely on that contractual provision to later deny coverage once liability has been found. *See Gazaway v. Secured Insurance Co.*, 109 Ga.App. 428, 136 S.E.2d 531 (1964) (Absolute refusal to pay waives compliance with insurer's requirement for proof of loss). This is because it would be obviously futile to submit such documentation when the insurer has already indicated that he will not pay those expenses. It is also clear to the court that Time's refusal to pay was made before the "60 days of the loss or as soon as reasonably possible" period of time had lapsed. *See* Time's Contract of p. 6; and *Progressive Mutual Insurance Co. v. Burrell Motors, Inc.*, 112 Ga.App. 88, 143 S.E.2d 757 (1965). The case law in Georgia, therefore, clearly mandates that a waiver of these provisions is required to be found. The court, therefore, finds that all medical expenses reasonably incurred by the insured Aubrey Scott Hall, regardless of whether they have been submitted to Time, are properly payable under the policy.[1]

 Moving now to the amount of damages, plaintiff, in response to this court's direction, has submitted an itemized listing of all expenses incurred by Aubrey Scott Hall to date, a worksheet demonstrating the amounts payable under the policy, and the supporting documentation demonstrating that these expenses were actually incurred. Time has not presented any direct evidence that would refute these expenses.

---

1. Of course, as to future expenses incurred by Aubrey Scott Hall that are properly payable under its policy, Time may require that proper documentation be submitted to it in a timely manner.

Accordingly, the court finds that plaintiff has proven medical expenses in the amount of $119,402.28, and that of this amount, $115,761.28 is properly payable under the policy.

Finally, the court does note that these insurance proceeds are for the benefit of Aubrey Scott Hall and that Mr. Hall is under a court order to pay a portion of these proceeds to Aubrey Scott Hall's mother, Claudia Elizabeth Hall. Because the court agrees with Time's position that payment to Mr. Hall may later subject Time to another action by Aubrey Scott Hall's present guardian should Mr. Hall not pay these proceeds to his son, the court orders that Time deposit into the registry of this court $115,761.28 within thirty (30) days so that the court may adequately protect Time's interest in preventing such future litigation.