75522. WATSON et al. v. SOUTHERN INSURANCE COMPANY OF DALLAS, TEXAS.
(363 SE2d 629)

BANKE, Presiding Judge.

This is an appeal from a summary judgment entered in favor of an automobile liability insurance carrier in an action to recover damages for its refusal either to defend or pay a claim arising from the use of the vehicle identified in the policy declarations.

The policy was issued to appellant Mary Hogan Watson on April 1, 1986. However, the vehicle described in the policy declarations was not owned by her but by her brother, appellant Ronnie Hogan, who resided in a separate household. At the time Ms. Watson applied for the policy, she was the primary custodian and operator of the vehicle, although Mr. Hogan also used it from time to time. While the policy was still in force, Ms. Watson returned the vehicle to the possession of her brother due to a decision on her part to move to another town. Shortly thereafter, on May 30, 1986, Mr. Hogan was involved in a collision while driving the vehicle, resulting in the entry of a judgment against him for property damage in the amount of $439.86, plus court costs. Ms. Watson was not a party to the litigation which gave rise to that judgment, nor was any claim otherwise asserted against her as a result of the collision. She nevertheless joined with Mr. Hogan in bringing this suit against the appellee insurer to recover damages for its alleged refusal to recognize its obligations under the policy.

The trial court granted summary judgment against Ms. Watson on the ground that no claim had been asserted against her which the appellee could have been expected to defend or pay. The court granted summary judgment against Mr. Hogan based on the language of the policy, which specified that persons other than the named insured were covered only with respect to their use or operation of a vehicle "owned by the named insured and described in the declarations." *Held*:

1. We must agree with the trial court that Ms. Watson has alleged no injury arising from the appellee's alleged breach of its obligations under the insurance contract. Consequently, we hold that the trial court did not err in entering summary judgment against her.

2. The situation with respect to Mr. Hogan is quite different. In the first place, there would appear to be no question that Ms. Watson, as the then primary custodian of the vehicle, was authorized to obtain liability coverage on it, notwithstanding her lack of an ownership interest therein. " '[W]e can perceive no reason why [one] though having no insurable interest in the car itself, could not obtain liability insurance . . . to protect [himself] against the eventualities that might occur when the vehicle should be used [in such circumstances as would potentially result in his vicarious liability]. The policy here does not insure against loss of the vehicle; it insures against liability.' " *Auto-Owners Ins. Co. v. Smith,* 178 Ga. App. 420, 421 (343 SE2d 129) (1986), citing *Great American Ins. Co. v. Lipe,* 116 Ga. App. 169, 172-173 (156 SE2d 490) (1967).

While acknowledging that Ms. Watson had an "insurable interest" in the vehicle for liability insurance purposes, the appellee contends that it is nevertheless protected by the language of the policy, which, unlike the language of the policy under consideration in *Auto-Owners Ins. Co. v. Smith,* supra, extended coverage to persons other than the named insured only in connection with their use of a vehicle which was both "owned by the named insured and described in the declarations." We find this argument somewhat disingenuous, given that there was no such vehicle in existence; and we conclude that to give effect to such a blanket exclusion of liability coverage for the operation of the very vehicle described in the policy declarations would be inconsistent with "the public policy of our state, enunciated in the advent of compulsory motor vehicle liability insurance[,] that innocent persons who are injured should have an adequate recourse for the recovery of their damages." *Anderson v. Southeastern Fid. Ins. Co.,* 251 Ga. 556, 557 (307 SE2d 499) (1983).

Additionally, it is apparent without dispute from Ms. Watson's deposition testimony that she showed the car's title to the insurance agent at the time she applied for the coverage so that he could obtain the vehicle description from it. There being no question that Mr. Hogan was identified on the title as the owner of the vehicle, it follows that the appellee is estopped from asserting Mr. Hogan's ownership of the vehicle as a defense to the present action. Accord *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (2) (174 SE2d 591) (1970); *Ga. Mut. Ins. Co. v. Nix,* 113 Ga. App. 735, 737 (149 SE2d 494) (1966). For these reasons, we hold that the trial court erred in granting summary judgment to the appellee with respect to Mr. Hogan's claim.

3. Also enumerated as error is the purported denial of a motion for summary judgment filed by the appellants. However, an examination of the trial court's order reveals that no ruling was entered on that motion. Consequently, this enumeration of error provides nothing for review.

*Judgment affirmed in part and reversed in part. Carley and Benham, JJ., concur.*

DECIDED DECEMBER 4, 1987.

*Britt R. Priddy*, for appellants.
*Howard S. McKelvey, Jr.*, for appellee.