76873. CREWS et al. v. ALLSTATE INSURANCE COMPANY.
(373 SE2d 782)

CARLEY, Judge.

Although appellant-defendant Ms. Jan Crews and Mr. Larry Crews were divorced in early 1984, they began to live together once again in July of that year. In May of 1985, plaintiff-appellee issued an automobile policy to appellant Ms. Crews. In September of 1985, appellant Mr. Crews purchased a new truck. At the time of the truck's purchase, appellant Mr. Crews contacted appellee's agent and requested that the truck be added to appellant Ms. Crews' automobile insurance policy as an additional insured vehicle. Appellee did add the vehicle to the policy and, thereafter, the premiums were regularly paid by appellant Ms. Crews, the only named insured on the policy. In late June or early July of 1986, appellant Mr. Crews moved out of the apartment which he had been sharing with appellant Ms. Crews. On July 13, 1986, he received extensive physical injuries in the crash of his truck. Appellee was notified of the crash and sent an adjustor to examine the truck. Appellee subsequently sent notification that it was denying coverage under appellant Ms. Crews' policy for both appellant Mr. Crews' personal injuries and the property damage to the truck.

Appellee then filed a petition, seeking a declaratory judgment as to the non-existence of coverage under appellant Ms. Crews' policy.

Following a period of discovery, appellee moved for summary judgment. The trial court granted appellee's motion for summary judgment and appellants appeal from that order.

1. It is undisputed that appellant Ms. Crews, the only named insured, had no "insurable interest" in the truck as defined in OCGA § 33-24-4 (a). Accordingly, the trial court correctly granted summary judgment in favor of appellee as to the non-existence of collision coverage under the policy. "No insurance contract on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having, at the time of the loss, an insurable interest in the things insured. The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment of such interest in such property." OCGA § 33-24-4 (b), (c).

2. The determination of the existence of no-fault coverage is not, however, controlled by legal principles and statutes applicable to property insurance. "All policies of *motor vehicle liability* insurance issued in this state must be in accordance with the requirements of this chapter. Such policies shall contain at least the minimum coverages required under this chapter and shall be issued for a minimum term of six months." (Emphasis supplied.) OCGA § 33-34-3 (a) (1). Thus, no-fault coverage is controlled by legal principles and statutes applicable to liability coverage. " '(W)e can perceive no reason why [one] though having no insurable interest in the car itself, could not obtain liability insurance . . . [This part of t]he policy here does not insure against loss of the vehicle; it insures against liability. Consequently, the matter of insurable interest [in the vehicle itself] is not controlling of the issues and *we must look to provisions of the contract itself*.' (Emphasis in original.) [Cit.]" *Auto-Owners Ins. Co. v. Smith*, 178 Ga. App. 420, 421 (343 SE2d 129) (1986). See also *Watson v. Southern Ins. Co. of Dallas*, 185 Ga. App. 223, 224 (2) (363 SE2d 629) (1987).

It is undisputed that appellant Mr. Crews is not a named insured on the policy and that he no longer resided with appellant Ms. Crews at the time of the crash of his truck. Accordingly, he was clearly not otherwise afforded no-fault coverage in the capacity of a resident spouse or resident relative of the named insured. However, under the terms of the policy, no-fault coverage is provided to "any other person who sustains bodily injury, sickness, disease, or death while in, on, getting into or out of . . . the *insured motor vehicle*." (Emphasis in the original.) The policy further defines "insured motor vehicle" for purposes of no-fault coverage as "a motor vehicle to which the bodily injury liability insurance of this policy applies and for which a specific premium is charged and for which you maintain the security required under the Georgia Motor Vehicle Reparations Act." (Emphasis omit-

ted.) The bodily injury liability insurance section of the policy defines "insured auto," in pertinent part, as follows: "Any *auto described on the declarations page. . . .*" (Emphasis supplied.) Appellant Mr. Crews' truck is described *on the declarations page* of the policy and it is, therefore an "insured motor vehicle" for purposes of no-fault coverage. As appellant Mr. Crews sustained a bodily injury while operating an "insured motor vehicle," it follows that he is afforded coverage under the no-fault provisions of the policy. Accordingly, the trial court erred in granting summary judgment in favor of appellee as to the non-existence of no-fault coverage under the policy.

3. The trial court's order granting summary judgment in favor of appellee is affirmed as to the non-existence of collision coverage under the policy. The trial court's order granting summary judgment in favor of appellee is reversed with regard to the non-existence of no-fault coverage under the policy.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1988 — REHEARING DENIED OCTOBER 3, 1988 

*David J. Turner, Jr.,* for appellants.
*Richard E. Flowers, John Denney, William G. Scranton, Jr., Mark Yeomans, David Siegel, Ernest Kirk II,* for appellee.