**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 3, 2025**

# In the Court of Appeals of Georgia

A24A1235. PURE LIFE RENAL OF PERIMETER, LLC v. BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC. et al.

PIPKIN, Judge.

This case comes to us from the trial court's grant of Appellees' motion to dismiss for failure to state a claim. More specifically, Appellant Pure Life Renal of Perimeter, LLC, filed a second amended complaint against Appellees[1] for negligent misrepresentation related to the payment of medical insurance claims by Appellees to Vickii Mills, an out-of-network patient that had received treatment at Pure Life Renal. Appellees moved to dismiss the complaint as amended for failure to state a claim,

---

[1] Pure Life sued Blue Cross Blue Shield Healthcare Plan of Georgia and Blue Cross Blue Shield of North Carolina. We refer to them collectively as Appellees but, where division is necessary, we will refer to each separately as BCBS GA and BCBS NC.

which the trial court granted, determining that Appellant's claims could not survive the pleading stage as a matter of law. On appeal, Appellant contends, among other things, that the trial court erroneously concluded that the second amended complaint failed to state a claim for negligent misrepresentation as a matter of law. Based on the record before us, as well as Georgia's liberal pleading standard, we reverse the judgment of the trial court.

> It is well settled that a motion to dismiss for failure to state a claim

> should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citations and punctuation omitted.) *Williams v. DeKalb County*, 308 Ga. 265, 270 (2) (840 SE2d 423) (2020). We review the trial court's ruling de novo, "accepting as true all well-pled material allegations in the complaint and resolving any doubts in favor of the plaintiff." Id. "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied." (Citation omitted.) *Global Payments v. InComm Financial Svcs.*, 308 Ga. 842, 843 (843 SE2d 821) (2020).

So viewed, Appellant's second amended complaint alleged the following. From 2018 through 2020, Appellant provided treatment to Vikii Mills, a patient at one of its Georgia facilities. Mills had medical coverage through BCBS NC, and Appellant was an "out-of-network" service provider under Mills' health insurance policy. At the direction of BCBS NC, Appellant submitted all bills to BCBS GA who then transmitted the bills to BCBS NC for payment. Per the second amended complaint, BCBS GA and BCBS NC were part of an Inter-Plan Arrangement which allowed BCBS GA to act as the agent or representative of BCBS NC. BCBS NC then remitted payments directly to Mills for services rendered and billed by Appellant.

In 2018, Appellees tendered numerous payments to Mills for her treatment, and Mills then paid Appellant. In 2019 and 2020, Appellees assured both Mills and Appellant that Mills' treatment was covered under her renewed health insurance plan and that payments had been issued to Mills for all bills submitted by Appellant to Appellees. At some point in 2019, Appellees ceased issuing payments to Mills for services rendered. Per the second amended complaint, neither Mills nor Appellees informed Appellant that the payments had stopped but, instead, Appellees continued to represent to Appellant that checks had been issued to Mills for services rendered

by Appellant. Appellant alleged that Appellees negligently misrepresented the issuance of these payments to Mills and that Appellant reasonably relied on these statements to its detriment, providing approximately $500,000 worth of medical service to Mills for which it was not paid.

Appellees moved to dismiss the complaint under OCGA § 9-11-12 (b) (6) for failure to state a claim. The trial court granted the motion, determining that Appellant "failed to show that they justifiably relied on [Appellees'] statements."[2] More specifically, the trial court concluded that the representations made by Appellees verifying the benefits and payments of insurance coverage were "not actionable [as a matter of law] because they were either opinions concerning future acts or events all contingent upon Ms. Mills meeting certain requirements and stipulations or opinions

---

[2] The trial court's order also addressed claims for fraudulent misrepresentation. However, Appellant's second amended complaint only alleged a claim for negligent misrepresentation.

4

concerning coverage payments made to Ms. Mills."[3] Appellant contends this is error. We agree.

"The essential elements of negligent misrepresentation are (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." (Citation and punctuation omitted.) *Smiley v. S & J Investments*, 260 Ga. App. 493, 498 (2) (580 SE2d 283) (2003) (explaining that Georgia law allows for an exception to the requirement of contractual privity in cases involving negligent misrepresentation of facts in the professional context). See also *Global Payments*, 308 Ga. at 844-845. Here, Appellees focus their argument on the representations they made regarding the verification of coverage, because such statements are generally not actionable. See, e.g., *Roach v. Georgia Farm Bureau Mut. Ins. Co.*, 173 Ga. App. 229, 231 (325 SE2d 797) (1984) (assurances of coverage "must be classified as a representation or expression of opinion as to a matter of law, which

---

[3] In its order, the trial court also takes issue with the lack of particularity in Appellant's second amended complaint. However, lack of particularity is not a proper reason to grant a motion to dismiss for failure to state a claim. Instead, the better course would have been to grant Appellees' motion for a more definite statement. See *McLeod v. Costco Wholesale Corp.*, 369 Ga. App. 717, 720-722 (1) (894 SE2d 442) (2023).

is not actionable unless a fiduciary relationship exists between the parties"). However, Appellant's second amended complaint alleges more than mere misrepresentation of coverage. More specifically, Appellant contends that, on numerous occasions, Appellees assured Appellant *that their claims had been processed and payments had been issued* to Mills. And based on these assurances, Appellant continued to treat Mills to its economic detriment. Consequently, the trial court erred by determining that these claims failed to state a claim as a matter of law.[4]

Appellees also argue that the trial court properly concluded that the complaint cannot survive the pleading stage because, Appellees say, Appellant failed to show diligence as a matter of law. However, as discussed above, Appellant has sufficiently pled facts which, if true, could support the element of reasonable diligence. This includes allegations that, in numerous phone calls and communications, Appellees assured both Mills and Appellant that payments had been issued to Mills for her

---

[4] BCBS NC argues that the exhibits attached to its answer, such as an explanation of benefits and a certified copy of a transcript of a telephone call, show that Appellant's claim regarding the verification of coverage fails as a matter of law. Assuming without deciding that such documents could be considered at this stage, none of these exhibits address Appellant's claim that Appellees negligently misrepresented that payments had been issued to Mills for all services rendered and billed by Appellant.

treatment. In other words "[a]t this time, it cannot be said that the allegations of the complaint disclose with certainty that [Appellant] would not be entitled to relief under any state of provable facts asserted in support." (Citation and punctuation omitted.) *110 Hampton Point, LLC v. Ross*, 368 Ga. App. 630, 632 (890 SE2d 33) (2023).[5] Consequently, we reverse the decision of the trial court.

*Judgment reversed. Barnes, P. J., and Gobeil, J., concur*.

---

[5] BCBS GA also argues that we should affirm the decision of the trial court because it "merely transmit[ted] information created by someone else that end[ed] up being false or erroneous, without intentionally or negligently altering the information." Based upon the allegations in the complaint, we cannot say that Appellant's claim against BCBS GA fails to state a claim for negligent misrepresentation. Appellant's complaint includes allegations that: Appellees's Inter-Plan Arrangement created an agency between Appellees; that BCBS GA "was responsible for contracting with and handling all interactions with" Appellant; and that BCBS GA, at the direction of BCBS NC, made statements to Appellant regarding the issuance of payments which BCBS GA knew or should have known were false. Whether or not these claims will ultimately succeed on the merits, these allegations are certainly sufficient to survive the pleading stage. See *Global Payments*, 308 Ga. at 844-846.